### THOMAS COLWELL *vs.* CORNELIUS WARNER.

The parties in a foreclosure suit agreed upon a time for redemption to be limited by the decree, but by mistake the time was not inserted in the decree.   The mortgagor failed to redeem within the time agreed, and the mortgagee, supposing his title to be absolute, took possession and continued in possession for three years, making extensive improvements, the mortgagor during that time occupying a portion of the premises as his tenant.   The premises were worth at the time of the decree but little more than the incumbrance, but during the three years nearly doubled in value, aside from the improvements.   At the end of the three years the mortgagor, discovering the mistake in the decree, brought a petition to redeem, to which the mortgagee filed a cross-bill praying the court to amend the decree in accordance with the original agreement.   The court decreed that the amendment be made and dismissed the petition.   Held to be no error.

The mortgagor, upon the hearing of his petition to redeem, offered evidence to show that the mortgage note was without consideration. His petition contained no averment to that effect. Held 1. That the evidence was inadmissible for want of such averment. 2. That it was inconsistent with the admissions of his petition in which he offered to pay the amount that should be found due upon the note. 3. That it was not rendered admissible by the allegations of the cross-bill with regard to the mortgage note, the cross-bill praying only for an amendment of the original decree and a confirmation of the mortgagee's title under the same, and the mortgagor having filed no answer thereto.

A second mortgagee foreclosed the mortgagor and afterwards redeemed the first mortgage. Held that the mortgagor had no right to redeem the first mortgage. The equity of redemption, upon which alone the mortgagor could stand to redeem, was extinguished by the foreclosure and his title had become absolutely vested in the second mortgagee.

WRIT OF ERROR to reverse a decree of the Superior Court for New Haven county, (*Phelps, J.,*) upon a petition to redeem certain mortgaged premises, brought by the plaintiff in error against the defendant in error, in which the court dismissed the petition and granted the prayer of the cross-bill of the respondent.

The petition alleged that on the first day of January, 1853, the petitioner was the owner in fee simple of a tract of land in the town of New Haven, which was described in the petition; that on the 12th of November, 1853, the petitioner executed to one Gorham a mortgage of the premises to secure a note of $800, upon which sundry payments had since been made amounting in all to about $400; that on the 12th of April, 1860, the petitioner executed to the respondent a mortgage of the premises to secure a note of $50 payable in six months from date; that the premises were then of the value of more than $2,000; that in the year 1861, and while the note held by the respondent remained unpaid, the petitioner enlisted in the army of the United States, and was absent from home in the performance of his duty for more than three years; that on the 1st of May, 1862, while the petitioner was so absent, the respondent brought a petition to the Superior Court for a foreclosure of his mortgage, and also an action of ejectment, and that it was decreed by the court that unless the petitioner should pay the respondent the amount of said note with interest, and the costs of the suit,

together with the costs of the action of ejectment, he should be foreclosed of all right to redeem the premises; that the respondent obtained possession of the premises and had continued ever since to hold the same; that the petitioner had never had any legal or actual notice of the proceedings; that the respondent had since obtained an assignment from said Gorham of the note and mortgage held by him; that the respondent had received rents and profits from the property to the amount of more than $500; that the petitioner had offered to pay to the respondent the amount due on the Gorham note and mortgage, and that he was now willing and offered to pay him whatever should be found due thereon, and also whatever should be found due on his note to the respondent, with all legal costs which had accrued by the legal proceedings thereon; and that the premises were now of the value of $4,000; and praying that the court would decree that on payment of the amount due to the respondent on both notes, or upon the deposit of the amount with the clerk of the court for the benefit of the respondent, the legal title to the premises should become vested in the petitioner; with a general prayer for relief. The petition was dated April 29th, 1867.

The respondent filed a cross-bill, which, after reciting the principal averments of the petition, proceeded as follows:

And now your petitioner says that true it is that said Colwell was indebted severally to said Gorham and to this petitioner in manner alleged by said Colwell as aforesaid; that the same was evidenced and secured by notes and mortgages as aforesaid; that said Colwell neglected and refused to pay to this petitioner said fifty dollar note according to its tenor, and that on the 1st day of May, 1862, he brought his petition to the May term of the Superior Court for New Haven county, in the usual form, for a foreclosure of his said mortgage, to which a citation in due form of law was appended; that said petition and citation were duly and legally served on the said Colwell, as fully appears by the return of the officer thereon, here ready in court to be produced and shown; that this petitioner also at the same time brought to the same

term of said court an action of ejectment against said Colwell, to recover the possession of said premises so mortgaged to him as aforesaid, which was legally served on said Colwell; and they were afterwards returned to and entered upon the docket of said court at said term; that said Colwell employed Wilson H. Clark, then and ever since an attorney of this court, to answer to said cases; that said Clark did so answer to said cases for said Colwell, and claiming that there was a good and valid defense in such cases, but that his client was away and absent from the state, in the army of the United States, he succeeded in preventing this petitioner from obtaining a decree upon said petition, and a judgment in said. ejectment suit, for nearly two years; that after said counsel of said Colwell had exhausted all his resources in preventing this petitioner from obtaining a final hearing upon his said petition and ejectment suit, he finally consented, on or about the 1st day of February, 1864; that said cases might be defaulted, and a decree of foreclosure taken, limiting therein the time for redemption to May 1st, 1864, with stay of execution until said last mentioned time in said ejectment case. And this petitioner says that said court, at its December term, 1863, to wit, on the 19th day of February, 1864, upon said petition, ordered and decreed that the said Colwell should be forever barred and foreclosed from all right to redeem said mortgaged premises, unless he paid or caused to be paid to this petitioner the sum of $61.59, which said court then found to be due this petitioner on said note, and the interest thereafter accruing thereon, and the costs of said petition taxed and allowed by said court at $66.50, together with the costs of said action of ejectment, taxed and allowed at $          , on or before May 1st, 1864, but that by accident, mistake and oversight said time limited was not entered in said decree, but a blank was left therefor, which has never been filled, although said limitation as aforesaid was agreed to by said Colwell's said counsel and passed by said court as aforesaid. And this petitioner further says that said Colwell did not pay said debt and costs, or any part thereof, within the time limited as aforesaid, or at any other time, and that the title

of this petitioner to said mortgaged premises on said 1st day of May, 1864, was under said decree vested absolutely in this petitioner, and the said Colwell and his heirs and assigns were forever barred and foreclosed from all right and title therein; also that said Colwell, on said 1st day of May, 1864, recognized and acknowledged the absolute title of this petitioner in and to said premises, and hired a part thereof of this petitioner, and has from thence hitherto, and for a period of more than four years, continued to occupy said portion of said property as this petitioner's lessee, and has paid him during all said time an agreed rent for the use thereof; that this petitioner, being so the sole and exclusive owner of said property as aforesaid, agreed in writing to sell the same, and his obligee is now entitled to receive from this petitioner the possession thereof; that said Colwell thereupon prayed out an injunction to restrain this petitioner from carrying out his said agreement, and from so selling said property as aforesaid, and has brought the petition to this court, hereinbefore recited, to redeem said premises. And this petitioner says that by reason of the accident, mistake and inadvertence in not filling up said blank in said decree with the time limited by said court for the redemption of said mortgaged premises by said Colwell as aforesaid, there is a blemish in the record evidence of this petitioner's title to said premises. This petitioner therefore prays that this honorable court will order and direct that said blank be filled in said decree, by inserting therein said time limited, to wit, the 1st day of May, 1864, and that this petitioner's title in and to said premises under said decree be confirmed by a decree of this court, or that this court will grant other adequate relief in the premises.

To this cross-bill no answer was filed by the petitioner.

The court found in the decree that the allegations of the cross-bill were true, and that the allegations of the petition not expressly admitted by the answer of the respondent were untrue and insufficient in the law. The court further found specially the following facts:

At the bringing of the bill to foreclose the present petitioner, he was absent in the army, having left his wife to look

after and manage his affairs and business at home. She and a brother of the petitioner employed counsel to answer to and defend against the petition to foreclose, which was pending twenty-one months in court, during six months of which time, to wit, from July, 1863, to. January, 1864, the petitioner was at his house in New Haven.

By an arrangement between the counsel in the case a decree of foreclosure was taken, in which the time for redemption was fixed on the first day of May, 1864, which arrangement was communicated at once to the brother of the petitioner, who was in occasional correspondence with the petitioner. An action of ejectment was brought at the same time with the petition to foreclose, and, under and as a part of the aforesaid arrangement of counsel, judgment therein was taken, but execution was to be, and was, stayed until the first day of May, 1864.

For a period of nearly three years from and after the first day of May, 1864, the petitioner occupied a part of the premises as the tenant of the respondent, and paid him monthly rent therefor.

In the decree of foreclosure the draftsman of the same by mistake omitted to insert the time which had been agreed upon and fixed for redemption, but the decree was in all other respects regular and complete.

The value of the mortgaged premises at the time of the passing of the decree was but little, if anything, in excess of the incumbrance thereon, but they have since that time, in common with other real estate in the vicinity, advanced in value from fifty to one hundred per cent.

On the trial the petitioner offered evidence to prove that the note for the security of which the mortgage sought to be foreclosed was given, was without consideration, but the court excluded it.

The court thereupon decreed " that the prayer of the said cross-bill be granted, and that the said decree of foreclosure, therein mentioned, be amended, by inserting therein the time limited for the redemption of said mortgaged premises by the said Colwell, to wit, the first day of May, 1864, and that

the said Warner's title in and to said premises under said decree be, and the same is hereby confirmed and established in as full and perfect manner as if the said time limited as aforesaid, to wit, the 1st day of May, 1864, had been originally inserted in said decree. And it is further ordered and decreed that the said petition be dismissed and that the respondent recover his costs."

The errors assigned in the writ of error sufficiently appear from the brief of the plaintiff's counsel.

*L. G. Peck* and *Baldwin,* for the plaintiff in error.

1. Admitting the foreclosure to have been effectual, it simply precluded Colwell from afterwards redeeming the Warner mortgage, by virtue of the equity of redemption which attached to *that* mortgage at its creation. A similar equity attached to the *first* mortgage at its creation, which we have never parted with. Had we given an absolute deed to Warner all our equity would have passed, but our mortgage to him left in us our original right to redeem the first mortgage, while it created a similar right in his favor. *Goodman* v. *White,* 26 Conn., 320, 321; 1 Daniell Cha. Prac., (Perkins 3d Am. ed.) 206. Suppose we had given a third mortgage, could not the mortgagee have redeemed, as a matter of right, the *first* mortgage ? But if so, it must have been because we had that right notwithstanding our second mortgage, and conveyed it to him. Suppose that, after Warner foreclosed us, Gorham had foreclosed Warner. Could not we have redeemed from Gorham ? Is a man better off who has given three mortgages than he who has given but two ? For such a party, if foreclosed on the second, can redeem the third, and then recover the land by redeeming the prior ones. *Goodman* v. *White,* 26 Conn., 323. If we are let in to redeem the first mortgage, we deny that Warner could redeem back from us on the strength of the second mortgage. But if such a right exists, it cannot help this decree, for he has not set it up in his cross-bill or answer. Nor can his holding the first mortgage enlarge his rights. We redeem the mortgage, not the man. *Green* v. *Tanner,* 8 Met., 411.

2.  But the allowance of the amendment of the record was inequitable.   As Gorham was no party to the foreclosure suit, it was irregular, if not fatally defective, (*Goodman* v. *White*, 26 Conn., 320,) and has nothing to recommend it to the favor of the court.   The mistake in the record was due to the negligence of Warner's own counsel, and the application for relief was not made for three years.   It was also inequitable to allow it without extending the time for redemption.   We relied on the record.   Before the amendment we had no occasion to redeem, and after it no opportunity.

3.  There being no time mentioned in the decree of foreclosure, the decree was inoperative.   The only remedy for Warner was by a petition in chancery, setting forth his own error, and appealing to the equity of the court.   *Wilkie* v. *Hall*, 15 Conn., 37 ; *Weed* v. *Weed*, 25 Conn., 337.

4.  This cross-bill asks the court, in effect, not to *amend* a decree, but to *make* a decree ; and the mortgage being a mere incident to the debt, the payment of the debt is all that equity requires.   And we should have been permitted to show that the note of Warner was without consideration.   There is no principle better established than that a party asking relief from equity should do equity, and all that equity requires is payment of the debt actually due.

5.  The proceedings for a foreclosure, commenced by Warner, did not cancel the Gorham note.   That note is still outstanding, and we may be sued upon it any day, and compelled to pay it.   Suppose a third person had bought or should buy it, must we again go into a court of equity to protect ourselves ?

6.  But the court finds as the foundation of its decree, that the allegations in our petition, other than those already considered, are " untrue and insufficient in the law."   We submit that this duplicity and uncertainty is a fatal error.   It is impossible to say on which of these two grounds the decree was based.   It is no compliance with the statute.   Gen. Stat., 390, sec. 7.   How could the court consider both issues at once ?   A respondent cannot demur and answer to the same allegations.   2 Swift Dig., 216 ; *Raymond* v. *Bell*, 18 Conn., 91.

*C. Ives* and *Alling*, for the defendant in error.

CARPENTER, J.   Before proceeding to discuss the principal question involved in this case, we will dispose of one or two questions of less importance.

1.   It is insisted by the plaintiff in error that the Superior Court had no power to amend the decree passed by the court upon the defendant's petition for a foreclosure.

The plaintiff appeared to defend that petition, but finally submitted to a decree, agreeing upon a time within which he was to redeem.   By mistake and accident the time was not inserted in the decree.   The defendant in that petition failed to redeem within the time agreed upon.   At the expiration of the time limited the mortgagee took possession of the premises, made expensive improvements thereon, and continued in possession for three years or more.   During that time the plaintiff occupied a portion of the premises as tenant of the mortgagee, and the mortgagee obligated himself, in writing, to sell the premises to a third party, but was restrained from doing so by the temporary injunction granted at the commencement of this petition.   It further appears that, at the time the decree was granted, the premises were worth but little, if any, more than the amount of the incumbrances thereon, and that in the mean time they have advanced in value from fifty to one hundred per cent.   Both parties were ignorant of the mistake until long afterwards, and treated the decree as if complete and valid.   The correction of this mistake will place the parties where they supposed they were, and carry out their intention, doing no harm or injustice to any one ; while on the. other hand a refusal to amend the decree, especially if the mortgagor is permitted to redeem upon the terms proposed in his bill, will subject the mortgagee to loss and serious inconvenience, and a corresponding advantage enures to the mortgagor.   Under .these circumstances, the course taken by the court below was manifestly equitable and just.

2.   The plaintiff also complains that he ought to have been permitted to show that the note to the defendant was without consideration.

We think the Superior Court did right in excluding this testimony. If the fact was so, the time for showing it was on the trial of the petition for a foreclosure. The court in that case having found that the note was justly due, it was not competent for the maker to impeach that finding, except upon a direct proceeding for that purpose, and with appropriate and pertinent allegations. But this is not a petition to open or set aside the decree, but is a petition to redeem, assuming that the decree is invalid and inoperative. If however in any sense it may be considered as a petition to open a decree, the objection still remains, that there is no allegation in the petition of a want of consideration, but on the contrary the petition impliedly admits that the note was justly due, by offering to pay it together with the costs of the petition brought thereon. The evidence therefore was clearly inadmissible under the petition.

It is insisted however that it was admissible in response to the averments in the cross-bill, on the ground that the cross-bill is virtually a petition for a new decree, rather than for the correction of a mistake in an existing decree. We think this is a misapprehension. We look upon the cross-bill, as may be inferred from what has already been said, as a petition, in form and substance, for the correction of a mistake. If we are right in this, it seems to us that, under the practice of courts of chancery in this state, it was incumbent upon the plaintiff, if he would rely upon the want of consideration as a defense to the cross-bill, to set it up by way of answer.

We think therefore we ought to consider the amended decree as valid, and give to it the same effect we should if it had been complete originally. And that brings us to the most interesting question in the case, which is this:

3. Has a mortgagor, whose equity of redemption has been foreclosed by a second mortgagee, a right to redeem the first mortgage? This question must be understood, of course, in its application to the facts of the present case, where the second mortgagee, after foreclosure, redeems the prior mortgage, as he had a right to, paying the debt as his own, and now resists the claim of the mortgagor to redeem. A case

might arise in which the mortgagor might be compelled, independent of the security, to pay the first mortgage debt; or he might find it necessary for his own protection to take some action against the second mortgagee; but that is not this case, and the question as to his rights under such circumstances is not material to our present inquiry.

A very brief consideration of the nature of a mortgage and the effect of a foreclosure will aid us materially in the solution of this question. In ordinary cases the mortgagor conveys to the mortgagee the title to real estate as security for a debt. There remains in the mortgagor the right to pay the debt, and thereby redeem the property mortgaged. The process of foreclosure cuts off this right, and vests the title absolutely in the mortgagee. The same thing is true of a second mortgage, which is but a mortgage of the equity of redemption. The whole equity is conveyed to the mortgagee, the same as the whole title is conveyed to the first mortgagee. The right remaining in the mortgagor is a right to redeem the equity of redemption. That right carries with it, as an incident to it, a right to redeem the first mortgage. Now when the second mortgagee forecloses the mortgagor, the whole equity of redemption vests in him, precisely as the whole estate vests in the first mortgagee after foreclosure, and he alone is entitled to redeem the first mortgage. The incidental right of redeeming the first mortgage goes with the thing to which it was an incident—the right to redeem the second mortgage. The second mortgage conveys all the mortgagor's interest to the mortgagee. The foreclosure removes the condition, so to speak, and converts the conveyance into an absolute one, but the thing conveyed remains the same.

But if the first mortgagee forecloses the mortgagor without foreclosing the second mortgagee; the rule is different, as decided by this court in *Goodman* v. *White*, 26 Conn., 317. In such a case the incidental right alone is extinguished, leaving the principal thing, the right to redeem the second mortgage still in existence and unaffected by the decree. As the right to redeem the first mortgage still remains in the

second mortgagee, and the mortgagor has a right to redeem the second mortgage, he may, by doing so, acquire a new right, or rather the right of the second mortgagee, to redeem the first.

This rule seems to me to be a reasonable one, and one that can be easily understood and readily applied to any number of mortgages or transfers, and one that will be likely to do justice by all parties. If a case should arise in which it will do injustice, doubtless the circumstances of the case will justify a departure from the rule. While on the other hand, the doctrine contended for by the plaintiff will lead to this absurdity, that each holder of two successive mortgages upon the same property will have the right to redeem the other. Thus the plaintiff, after redeeming the Gorham mortgage, will have the right to redeem the second, and the holder of the second will have the right to redeem the Gorham mortgage. No doctrine leading to such consequences ought to receive the sanction of this court.

We have no case in this state, and we are referred to none elsewhere, covering the whole ground of this case. So far as our own decisions go, they seem to confirm the views herein expressed. In *Swift* v. *Edson*, 5 Conn., 531, it was held that a mortgagor who had conveyed to another his equity of redemption, having no longer an interest in the subject, ought not to be made a party to a bill of foreclosure by the first mortgagee. If the mortgage to Warner and its foreclosure were equivalent in effect to a sale of the equity of redemption, then the principle of that decision would seem to apply to this case, and settle the question that the plaintiff had no right to redeem the Gorham mortgage.

In *Broome* v. *Beers*, 6 Conn., 198, the same rule was applied to subsequent incumbrancers whose equity of redemption had been foreclosed.

For these reasons we are satisfied there was no error in the judgment of the Superior Court.

In this opinion the other judges concurred.