## Herbert D. Battles, Receiver, Appellee, v. Dora McDonald and O. L. Halberg, Appellants.

### Gen. No. 26,710.

MORTGAGES—*effect of expiration of redemption period under fore-closure of second mortgage and delivery of deed on rights under foreclosure of first mortgage.* Upon expiration of the period of redemption under the foreclosure of a second incumbrance on property and the execution and delivery of a deed to the property by the master in chancery to defendant, the original mortgagors lost all interest whatsoever in the property and could not thereafter assert any right to the rents and profits derived therefrom, either before or during the running of the period of redemption under the foreclosure of the first incumbrance, and therefore a complainant representing their creditors cannot assert such rights.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court. Reversed. Opinion filed October 5, 1921. Rehearing denied October 17, 1921.

JOHN A. BROWN and JOHN H. McAULIFFE, for appellants.

B. M. SHAFFNER, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an interlocutory order enjoining and restraining the defendant Dora McDonald from collecting or receiving further rentals for certain property from the defendant O. L. Halberg and restraining the latter from paying any further rentals for said property to the defendant Dora McDonald until further order of the court.

Title to the property in question was formerly in Guy C. and Cassius M. McDonald. In January, 1914, they executed a trust deed, conveying the property to

secure their note for $80,000. In July, 1914, they executed another trust deed, conveying the same property to secure their note for $25,000. The latter note was held by Harold A. McDonald. The $25,000 incumbrance was foreclosed in August, 1915, and a master's certificate was issued in the name of a clerk in the office of the solicitors for Harold A. McDonald. At the expiration of the period of redemption, in June, 1917, a master's deed was issued on this certificate to the defendant Dora McDonald, who was the mother of Harold A. McDonald.

Thereafter, proceedings were begun to foreclose the $80,000 incumbrance and in January, 1920, a master's certificate was issued to the Gotham National Bank, which had become the owner of the note.

After receiving the master's deed in June, 1917, the defendant Dora McDonald collected the rents on the property.

In 1919, a creditor's bill was filed against Guy C. and Cassius M. McDonald, and in connection with that suit, the complainant Battles was appointed receiver. Thereafter, in July, 1920, six months after the master's certificate had been issued in the $80,000 foreclosure, the complainant filed the bill in the suit at bar, alleging the facts recited above and alleging that the two defendants had entered into a collusive agreement whereby the defendant Halberg, who occupied the premises in question, was to pay his rent to the defendant Dora McDonald, in fraud of the creditors of Guy C. and Cassius M. McDonald. It was further alleged in the bill of complaint that in July, 1919, Harold A. McDonald and wife had executed a quitclaim deed, covering the property in question, to the defendant Dora McDonald, and that a month later she conveyed the premises by warranty deed to one Moore, who was an official or agent of the Gotham National Bank, and that he was holding title to the property for the bank, but that it had been agreed between the bank and the

defendant Dora McDonald, at the time she executed the deed to Moore, that the rentals of the premises should belong to Dora McDonald, which agreement the complainant charged was a fraud on him, as the representative of the creditors of the mortgagors, Guy C. and Cassius M. McDonald.

After the filing of this bill of complaint, on motion duly made by the complainant, the restraining order appealed from was entered.

The rents and profits derived from the premises in question during the period of redemption, under the $25,000 foreclosure, are in no way involved in this suit. The complainant contends that the rents collected on these premises after the date of the master's deed to the defendant Dora McDonald belonged to the creditors of the mortgagors Guy C. and Cassius M. McDonald and that the defendant Dora McDonald, having received these rents, is bound to account therefor to the complainant. As we understand it, it is complainant's position further that the rents and profits derived from the premises during the period of redemption under the foreclosure of the $80,000 incumbrance are the property of the original mortgagors and that they can therefore be reached by their creditors and that complainant, as receiver representing them, is thus entitled to such rents and profits during that period.

In support of these contentions, the complainant has called our attention in his brief to certain propositions of law and to decisions in support thereof, with all of which we agree but which have nothing to do with the situation presented by the facts set forth in the bill on which plaintiff's motion for a temporary restraining order was based.

Upon the expiration of the period of redemption under the foreclosure of the $25,000 incumbrance, and the execution and delivery of a deed to the property by the master to the defendant Dora McDonald, the original mortgagors lost all interest whatever in the

property and could not thereafter assert any right to the rents and profits derived from the property either before or during the running of the period of redemption under the foreclosure of the $80,000 incumbrance. 2 Jones on Mortgages, sec. 1057; *Colwell v. Warner,* 36 Conn. 224. They, having no such rights, it must follow that the complainant, representing their creditors, cannot successfully assert such rights.

Complainant's motion for a restraining order should have been denied and, therefore, the order of the circuit court appealed from will be reversed.

*Reversed.*

O'CONNOR, P. J., and TAYLOR, J., concur.