### LEVIN *v.* HAMILTON.

1. SPECIFIC PERFORMANCE — TITLE ADMITTED TO BE SATISFACTORY BY FILING BILL.

> By filing a bill for the specific performance of an agreement to execute a contract for the sale of certain city lots, plaintiff necessarily admits that he is content with the title.[1]

2. SAME—TENDER NOT ESTABLISHED — PERFORMANCE OFFERED NOT TIMELY.

> In a suit for the specific performance of an agreement to execute a contract for the sale of certain city lots, the decree of the court below dismissing the bill on the ground that the alleged tender by plaintiff of the balance of the down payment was not established by a preponderance of the evidence, and that the performance offered by him was not timely, *held*, justified by the record.[2]

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 8, 1925. (Docket No. 26.) Decided December 22, 1925.

Bill by Jacob Levin against William Hamilton and another for specific performance of an agreement for a land contract. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Joseph Sanders,* for plaintiff.

*Baubie & Baubie,* for defendant.

WIEST, J. This is an appeal by plaintiff from a decree denying him specific performance of an agreement under which defendants were to enter into contract for the sale to him of two lots in the city of Detroit. He claims he was ready and willing to execute the contract, made tender of the sum to be

---

[1]Specific Performance, 36 Cyc. p. 774; [2]Id., 36 Cyc. p. 786 (Anno).

paid down, and demanded performance in season. The court held the alleged tender was not established by a preponderance of the evidence and the performance offered was not timely.    The agreement to enter into a subsequent land contract was signed by the parties November 2, 1923, fixed the price, time for payments, and provided that defendants should furnish an abstract showing a merchantable title.    The sale was to be closed on or before 15 days after delivery of a certified abstract.    Plaintiff paid $100, to be retained by defendants as liquidated damages if he did not complete the purchase by down payment of $4,400 and the execution of a formal land contract within 15 days after a merchantable title was "found or made in the seller or his—their vendor."

We do not need to solve the dispute as to whether an abstract was furnished for one of the lots for plaintiff in filing the bill herein necessarily admits he is content with the title.    This leaves only the question of whether plaintiff tendered the initial payment of $4,400 on the 4th day of February, 1924.    If such tender was made plaintiff should have decree.    The trial judge was not satisfied that a tender was so made, and we experience a similar want of conviction.

Plaintiff went to California in November, 1923, and returned to Detroit in April, 1924.    He left the closing of this deal with Harry M. Greenberg.    January 21, 1924, Baubie & Baubie, attorneys representing defendants, wrote Joseph Sanders, attorney representing plaintiff:

"You are hereby notified as such attorney, your client Jacob Levin being out of the jurisdiction of this State, that unless the contracts in duplicate submitted to you on January 19, 1924, are executed in due form ready for the signature of William Hamilton and wife, and the deal closed by the payment of $4,400 to William Hamilton and wife by said Jacob Levin on or before the 4th day of February, 1924, said William Hamilton and wife will refuse to transfer the lots in question to your clients and will extend no further

time thereafter for negotiation or further appointments or meetings."

The contract was sent to plaintiff in California and signed there by him. Samuel Greenberg, son of Harry M. Greenberg, testified that he made a tender of $4,400 in cash to Dr. Hamilton at the latter's office on February 4, 1924, and such tender was declined and he was told to see Mr. Baubie. This was denied by Dr. Hamilton, who claimed he was at the office of his attorneys on that day and endeavored to see the attorney for plaintiff, but found him out when he visited his office. Esther Jones, nurse in Dr. Hamilton's office, testified she was in the office all day February 4, 1924, and Samuel Greenberg was not in the office that day but was there March 13th. Louis Sultan testified he went with Samuel Greenberg to Dr. Hamilton's office on February 4th, but remained outside in an automobile.

We think plaintiff was given reasonable time in which to examine the title and defendants were within their rights in fixing February 4th as a time limit for performance. The agreement for a contract constituted time as of the essence thereof, and, while the parties extended the time, this did not prevent defendants from designating a reasonable time within which performance would have to be tendered by plaintiff. We agree with the trial judge that plaintiff's proof of a tender would have been aided had it appeared that the $4,400 had been withdrawn from some bank on February 4th.

Upon this record we are not satisfied by a preponderance of the evidence that the tender was made on February 4th.

The decree dismissing the bill is affirmed, with costs to defendants.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.