CAMERON v. SOWICKA.

1. VENDOR AND PURCHASER—VENDEE'S SUIT FOR SPECIFIC PERFORM-
ANCE ADMITS SATISFACTION WITH TITLE.
    Vendee, by bringing suit for specific performance, necessarily
    admits he is satisfied with title, and is therefore precluded
    from thereafter claiming, under supplemental pleading, that
    defect in title entitles him to surrender contract and recover
    amounts paid thereunder.

2. REFORMATION OF INSTRUMENTS—LAND CONTRACTS—FORECLOSURE.
    Where vendee in default brought suit for reformation of contract
    and for specific performance, and vendors in answer conceded
    error in description, avowed willingness at all times to correct
    same had their attention been called to it, and by cross-bill
    sought foreclosure for plaintiff's default in payments, refor-
    mation was properly granted, and, when reformed. vendors
    were entitled to relief prayed for in cross-bill.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted October 8, 1929. (Docket No. 19, Cal-
endar No. 34,172.) Decided December 3, 1929.

Bill by John F. Cameron against Andrew Sowicka
and another to reform a land contract. Cross-bill to
foreclose plaintiff's interest. Supplemental bill by
plaintiff to surrender and obtain money decree.
From a decree granting reformation and foreclosure,
plaintiff appeals. Affirmed.

*Robert M. Drysdale,* for plaintiff.

*Cornelius & Doland,* for defendants.

SHARPE, J. On July 14, 1925, the plaintiff entered
into a contract with the defendants to purchase from

them 80 acres of land in the township of Browns-
town, in Wayne county. Through mutual mistake,
the land was described as being in section 4 instead
of in section 9. The agreed purchase price was
$67,040, of which $1,200 was then paid, $9,800 was to
be paid on or before one year, and the balance in
annual payments of $10,000. The defendants had
the right to possession until $6,000 had been paid to
them. An abstract of title was furnished plaintiff's
attorney. He called the attention of defendants'
attorney to certain defects in the title, and a bill of
complaint was filed by defendants to quiet their title
thereto. An additional payment of $2,000 was made
by plaintiff on August 25, 1926. Soon thereafter,
defendants began proceedings to recover possession
for default in payment, and secured a judgment of
restitution. Plaintiff's attorney then discovered the
error in the description, and filed the bill of com-
plaint herein, asking for reformation of the contract
and that defendants "be ordered and decreed to
abide by and fully carry out the terms of said agree-
ment" as reformed.

In their answer defendants concede the error in
the description, and avow their willingness at all
times to have corrected the same had their attention
been called to it. They also concede the invalidity
of their proceeding to obtain possession. By cross-
bill they seek foreclosure for plaintiff's default in
meeting the payments as provided for in the con-
tract. In answer thereto, plaintiff averred that de-
fendants were not entitled to a decree for the reason
that certain defects in their title, alluded to in the
bill of complaint, had not been removed. This an-
swer was filed on May 9, 1927.

On February 8, 1928, plaintiff filed a supplemental
pleading, in which he averred that, as the defend-

ants' title had not yet been perfected, he elected to surrender his interest in the property and recover from the defendants the amounts paid by him on the contract and certain other expenses, and he prayed for a decree so providing.

The facts were stipulated in open court, after which a decree was entered reforming the contract as prayed for in the bill and granting foreclosure as prayed for in defendants' cross-bill, of which plaintiff now seeks review in this court by appeal.

The record contains the calendar entries and a decree quieting title in defendants, entered on August 16, 1927, in a suit brought for that purpose by the defendants against Isaac Townsend *et al.* Whether this decree removed the defects of which plaintiff complained is, however, immaterial, for the reason that plaintiff by seeking specific performance "necessarily admits he is content with the title." *Levin* v. *Hamilton,* 233 Mich. 203, 204. Both parties sought reformation, and it was properly granted. *Lane* v. *Neifert,* 240 Mich. 475. When reformed, defendants were entitled to the relief prayed for in their cross-bill.

The decree is affirmed, with costs to appellees.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.