400 EAST 58TH STREET CORPORATION, Plaintiff, *v.* HENRY WEINER, as Trustee under a Declaration of Trust, Defendant.

Supreme Court, Special Term, New York County, November 4, 1942.

*S. S. Meyers* and *I. M. Atkin* for plaintiff.

*Thomas Keogh* and *Joseph L. Maged* for defendant.

HOFSTADTER, J. In this action, the plaintiff seeks a declaratory judgment with respect to the interpretation of an agree-

ment or, in the alternative, a decree reforming the agreement so that it clearly expresses the conceded intention of the parties when the agreement was made.

Plaintiff is the owner of real property and the defendant is the trustee of the mortgage thereon. The obligations of the owner are contained in a plan of reorganization approved by this court. Among these obligations is the duty to amortize the mortgage at the rate of one per cent per annum, in cash. The option, however, is given to the owner to substitute certificates for cash. The precise language of the option is as follows: "It is understood and agreed that when any quarter annual installment of amortization shall become due as hereinbefore set forth, the owner may, at its option, in lieu of paying such installment, surrender for cancellation to the holder of the mortgage, certificates of participation in this issue in the aggregate principal amount of double the amount of such installment."

The plaintiff contends that under this language it is clear that if he surrenders a $1,000 certificate, the mortgage debt must be reduced by $1,000. The defendant concedes that that is precisely what the parties intended, and that for several years the defendant practically construed the agreement in that way. The defendant argues, however, that this court, in a proceeding to which the plaintiff was *not* a party, construed the language differently and held that it clearly means that the surrender by the owner of a $1,000 certificate for cancellation entitled him to a reduction of the mortgage debt of only $500. While that determination, made by the justice presiding over the Additional Special Term, is not binding upon the plaintiff, since he was not a party to the proceeding in which it was made, I shall, of course, follow the views of the learned court and not undertake to discover whether, as a new matter, I would have arrived at the same conclusion; I deem myself precluded in comity, if not in law, from so doing. I deal, therefore, only with the prayer for reformation. This was not before the Additional Special Term, nor were the facts as I have heard them brought to the court's attention.

For completeness, it may be in order to note that after this action was reached on the trial calendar of the Special Term and was assigned to this Part for trial, it suggested itself to the court that in view of the issues tendered, it might be appropriate to have such issues litigated at the Additional Special Term; but after inquiry made of the justice there presiding and with his approval, it was deemed proper to proceed in regular order here.

Since the defendant admits that the plaintiff's version of the contract is the one that was intended by the parties at the time that it was made, it is plain that there must have been a mistake in the reduction of their intention to writing. Under such circumstances, the right to reformation is clear. Admission of mistake will suffice where proof is lacking, as was held in *Southard* v. *Curley* (134 N. Y. 148) where the court says: " Mr. Pomeroy, in his work on Eq. Juris (Vol. 2, § 859) reaches the same conclusion. He says ' the authorities all require that the parol evidence of the mistake and of the alleged modification must be most clear and convincing, in the language of some judges, the strongest possible, or else the mistake must be admitted by the opposite party; * * *.''

Here, we have both the *admission* and also adequate *proof*. Two obstacles are, however, proposed by the defendant to the issuance of a decree reforming the agreement in the manner suggested by the plaintiff.

It is first argued that some certificate holders might have thought that the real intention of the parties was other than the one conceded to have been the intention by the active parties to this litigation, and that, therefore, reformation cannot be had since the interests of these certificate holders are involved. The objection is without force. In the first place, pursuant to my direction given after the action was called for trial, notice of the pendency of the trial was given to *all* certificate holders (and in addition, pursuant to such order, the summons and complaint was served on the Superintendent of Insurance and upon fifteen certificate holders whose holdings aggregate at least one-third of the certificates outstanding) and the trial was arrested accordingly; yet no certificate holder came forward to challenge the claim of the owner as to the true intent of the agreement. In the second place, the proof before me is convincing that the true intention of the parties was revealed to the certificate holders prior to the approval of the plan. Finally, that they so understood the true intention is further confirmed by the fact that no one ever protested the conduct of the trustee in construing the contract according to its real intent and purpose, although the certificate holders knew, from his annual reports, that the trustee was accepting certificates at face value in reduction of the debt.

The second supposed obstacle to a decree of reformation derives from the fact that the agreement in question is one that was required by the law to be approved by this court before it could be put into effect, and that the particular justice who

exercised the discretion in approving the agreement is now deceased. It is argued that an agreement of reorganization which requires the approval of a court cannot be reformed by a court of equity, especially after the death of the particular justice who signed the order of approval. A rule of such harshness will not be indulged in except under the express mandate of the Legislature or the unequivocal rulings of courts of higher jurisdiction.

Both the plaintiff and the defendant seek to draw comfort from the judicial controversy with respect to the power of the courts to reform instruments given pursuant to statutory authority. Whatever the law is elsewhere, it is well settled in this jurisdiction that such a power exists. See not only *Bartlett* v. *Judd* (21 N. Y. 200), cited by counsel for both parties, but also *Butler* v. *Clark* (66 Hun, 444; affd., 142 N. Y. 636).

But obviously these cases only obliquely touch the problem before us. The precise issue here involved is whether a *contract* made pursuant to a judicial decree approving the contract may be reformed in equity where justice requires that reformation be ordered. It is difficult to see any substantial obstacle to the exercise of the powers of equity in such case. If a decree or judgment of a court can be modified or set aside for mistake, why cannot a contract, made pursuant to such a decree, be reformed? (*Horton* v. *Stegmyer*, 175 Fed. Rep. 756; *Kansas etc. R. Co.* v. *Fitzhugh*, 61 Ark. 341; *Bacon* v. *Bacon*, 150 Cal. 477; *Hilt* v. *Heimberger*, 235 Ill. 235; *Zinc Carbonate Co.* v. *First Nat. Bank*, 103 Wis. 125.)

In the instant case, the mistake is not judicial, as where a judge has made an error of law which can be corrected only on appeal; it is, at worst, a clerical or ministerial mistake — the choice of the wrong words to express an admitted intention. Moreover, here, there is no other way of obtaining relief. Were equity impotent in such a case, its power would be puny indeed. But we have no need to *extend* the arm of equity to embrace this jurisdiction. Chancellors, both ancient and modern, have done so. (*Barnesly* v. *Powell*, 1 Ves. Sr. 119, 27 Eng. L. R. Reprint 930; *Colwell* v. *Warner*, 36 Conn. 224; *Moore* v. *Shook*, 276 Ill. 47; *Wheeler* v. *Kirtland*, 27 N. J. Eq. 534.)

Even the obvious mistake of a jury has been corrected in *Russ* v. *Ware* (6 Gratt. 50 [Va.]; 52 Am. Dec. 100). And the admitted mistakes in the award of an arbitrator have likewise been corrected in equity. (*In re Curtis*, 64 Conn. 501; *White Star Mining Co.* v. *Hultberg*, 220 Ill. 578; *Roberts* v. *Consumers Can Co.*, 102 Md. 362; *Donaldson* v. *Buhlman*, 134 Wis. 117; *Mordue* v. *Palmer*, L. R. 6 Ch. 22.)

The essential fairness of the case requires the same result. If the plaintiff cannot obtain relief in this court, he is remediless. He is bound by a contract which he did not make, which his adversary did not make, and which the court did not approve. I know of no principle of law, and of no decision of any court this side of the Rhine which prevents this court from righting such a wrong.

A decree reforming the contract will be entered, in appropriate language, and the trustee will be directed to credit the owner with a reduction in the amount of the mortgage debt equal to the face amount of all certificates heretofore or hereafter surrendered by the owner for cancellation.