300 P.2d 816

Edward W. BURLESON, also known as Edward Welles Burleson, Plaintiff-Respondent,

v.

Clifford O. TUCKER, also known as Clifford Tucker, and Marie Tucker, his wife, Defendants-Appellants.

No. 8374.

Supreme Court of Idaho.
Aug. 2, 1956.

Raymond T. Greene, Jr., and James E. Hunt, Sandpoint, for respondent.

Stephen Bistline, Sandpoint, for appellants.

BAKER, District Judge.

On June 26, 1950, plaintiff, then a rather feeble widower of the age of seventy-eight years, father of two adult sons, Edward Wilcox and Allan, by deed, without reservation on its face, conveyed to the defendants ·a tract of land of slightly less than one hundred sixty acres in Bonner County. On June 26, 1953, plaintiff instituted this action to reform the deed so as to establish and respect a reservation to him of a right personally to occupy a four-room dwelling house with appurtenances for the remainder of his life. He alleges that prior to the execution of the deed an oral agreement was made with the defendants that the plaintiff, or in his absence his son Edward Wilcox, would be permitted to occupy said dwelling house but through the fraud and misrepresentation of the defendants the reservation of such life estate was not disclosed by the deed.

Defendants answered, denied all allegations of fraud and misrepresentation but alleged:

"That the defendants frankly and honestly state that—their statement made at that time to the plaintiff that they would be happy to have the plaintiff live with them and stay at the dwelling house therein described for the remainder of his life if he chose to do so—that their relationship with the plaintiff was friendly and that they were very willing to have him live in that said dwelling house—that it was specifically stated and understood and agreed by and between all of the parties to that transaction—that none of plaintiff's children were allowed to have any right to the use and occupancy of said premises—that the right to use the premises—was merely a personal offer of these defendants to an old gentleman whom they considered and still consider to be their friend."

Defendants filed a cross complaint against the plaintiff and his son, Allan, in which they allege that said son, acting for himself and the plaintiff, took and carried away certain chattels belonging to the cross complainants, committed other tortious acts and prayed for judgment against both

plaintiff and his son for the sum of $340. Judgment in the sum of $44.50 was entered on the cross complaint. No party appealed from that part of the judgment. The cross complaint will not be further noticed.

On the issues formed by the complaint and the answer thereto the trial court expressly found in favor of the defendants on the allegations of fraud and misrepresentation, also found that the agreement of the parties was that the plaintiff "should have the privilege for the remainder of his life of living and staying" in the four-room dwelling house; "that the defendants have so stated in answering the plaintiff's complaint and the defendants have at no time failed to live up to the understanding—but have precluded his sons, Edward and Allan, therefrom although they were acting with the plaintiff's express consent in being upon said premises". The court also found "there was no stipulation—that any member of plaintiff's family had any right to live in the dwelling house; that it is a necessary incident of the privilege of the plaintiff— that members of his family or any other persons that plaintiff may desire may visit and care for him at the dwelling house, but under no circumstances shall Edward Wilcox Burleson, son of the plaintiff, be permitted to remain on the premises overnight". Decree was in conformity. The defendants have appealed.

Appellants make but one assignment of error. It is:

"The trial court should have given judgment for the defendants, including costs, and erred in not doing so and in encumbrancing defendants' lands, which varied a written deed executed for a fair consideration in the absence of fraud."

■■ The argument in support of the assignment is that the court, having found in favor of the defendants on the issue of fraud and misrepresentation, was bound to enter decree in their favor. This argument overlooks the solemn allegations and admissions by defendants in their answer that the agreement was that the plaintiff have a right for the remainder of his life personally to occupy the dwelling house. The trial court, relying in part upon the quoted allegations in defendants' answer and regarding them as important, found the oral agreement was as alleged by plaintiff. The admission was that the deed fails to disclose the true agreement of the parties; the denial was that such failure was due to fraud and misrepresentation of the defendants. The admission of the existence of the agreement not included in the deed rendered proof of the contract unnecessary and entitled plaintiff to a decree. The reason for failure to include the agreement was then unimportant. In Cameron v. So-

wicka, 248 Mich. 616, 227 N.W. 717 it is said in the syllabus:

"Where vendee in his bill of complaint seeking specific performance of a contract of sale of realty asks for reformation of the contract and vendees in answer conceded error in description and averred willingness at all times to correct it had their attention been called to it, reformation held properly granted."

To the same effect are: Singer v. Murphy, 338 Ill. 620, 170 N.E. 777; 400 East 58th St. Corp. v. Weiner, 179 Misc. 213, 38 N.Y. S.2d 155; 76 C.J.S. Reformation of Instruments, § 25, p. 352.

It is difficult to understand why, in view of the allegations in the answer, there was a contest of plaintiff's personal right to occupy or why the answer did not include an offer to execute a lease granting to him the conceded right.

There was no appeal by the plaintiff from the decree limiting the right of the son, Edward Wilcox, to occupy the premises and no assignment by defendants of error in granting to him the right to be on the premises during the daytime. The right of Edward Wilcox is not before us.

The decree of the trial court is affirmed with costs to respondent.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.