(No. 6424.   July 22, 1937.)

In the Matter of the Estate of MARY ELIZABETH RAN-
DALL, Deceased.

[70 Pac. (2d) 389.]

A. H. Oversmith and W. F. McNaughton,.for Appellants.

.A. L. Morgan, for Respondent.

AILSHIE, J.—This is a proceeding contesting the probate of the will of Mary Elizabeth Randall who died in Latah county October 20, 1934. She left surviving her: Daughters, Mattie L. Randall and Eva O. Randall, proponents of the will in question; a daughter, Ora Randall Stevens (now Johnson); sons, Almeron E. Randall and Arthur W. Randall; and Barnard Randall, Wayne Randall and Deane Randall (children of a deceased son, Alfred B. Randall), contestants of the will. The contest is predicated on the ground of fraud and undue influence in the procurement and execution of the will. The probate court of Latah county admitted the will to probate and the contestants thereupon appealed to the district court, where a trial *de novo* was had. On the conclusion of the evidence on behalf of the contestants, the proponents moved for a nonsuit which motion was denied. Thereupon the proponents introduced evidence in opposition to the contest and after the case was rested on both sides, proponents again moved to dismiss the appeal, and for judgment of nonsuit and also moved for an instructed verdict, all of which motions were denied. The court thereupon instructed the jury and, after deliberating on the matter, the jury returned a unanimous verdict in favor of the contestants. Proponents then made a motion that judgment be entered in their favor notwithstanding the verdict, which motion was granted and judgment was entered as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED and this does order, adjudge and decree that said motion for judgment notwithstanding the verdict is granted; that the appeal of said contestants and the contest is hereby dismissed; that the judgment of the probate court admitting said Will to probate is hereby affirmed, and the said probate court is hereby ordered to dismiss said appeal in the probate court."

Contestants thereupon appealed to this court.

The principal assignment of error relied on is made against the action of the trial court in entering judgment notwithstanding the verdict of the jury. After a very thorough examination of the evidence, we are satisfied the court correctly denied the motion for nonsuit, and the motion for an

instructed verdict. On the other hand, we are equally well convinced that the court erred in granting judgment notwithstanding the verdict. The facts and circumstances submitted to the jury, as disclosed by this record, are such as might very well lead different minds to reaching different conclusions upon the issue presented; and where such is the case, however meager the evidence, if it is of a substantial nature and character, the findings of the triers of fact should prevail. (*McKissick v. Oregon Short Line Ry. Co.*, 13 Ida. 195, 89 Pac. 629; *Fleenor v. Oregon Short Line R. Co.*, 16 Ida. 781, 803, 102 Pac. 897; *Denton v. City of Twin Falls*, 54 Ida. 35, 43, 28 Pac. (2d) 202; *Call v. City of Burley*, 57 Ida. 58, 62 Pac. (2d) 101, 105.)

■ In view of our conclusion, that the judgment notwithstanding the verdict was improperly entered, we are confronted with the question as to whether we shall direct a judgment to be entered upon the verdict or order a new trial. It is apparent, of course, that the trial court finally concluded and that there was no substantial evidence to sustain the verdict and that he should have directed a verdict in the first instance. It also follows that, had proponents moved for a new trial instead of for a judgment notwithstanding the verdict, the trial court would undoubtedly have granted the motion. In this state of the case we have concluded to remand the case with directions to grant a new trial

■ The verdict of the jury having been in favor of the contestants, no exceptions having been taken to any instructions given the jury, and no question presented involving the law of the case, except as to the rulings of the court in excluding certain exhibits offered by contestants, the exclusion of those exhibits did not prove prejudicial to the contestants, for the reason that, notwithstanding their exclusion, the jury returned a verdict in their favor. However, since we are ordering a new trial, we have thought it proper to pass on the questions presented with reference to the exclusion of the proffered exhibits.

■ Contestants offered in evidence their exhibit No. 20 which was the will of John Edgar Randall, deceased, husband of Mary Elizabeth Randall. In making the offer it was stated,

"This offer is made for the purpose of showing that the will in question; that is, Proponents Exhibit No. 1, marked for identification in evidence, is worded in so far as is possible, in the exact language throughout, as the will in controversy. We offer the will for that purpose."

When we consider this offer in connection with the evidence which was introduced, to the effect that one of the proponents, Mattie Randall, had typed the will under contest and that the other proponent, Eva Randall, had been present and discussed the will with her mother and sister prior to its preparation and execution, we think the exhibit should have been admitted in evidence. It was evidently the purpose of contestants to show, or at least to make the contention, that the will typed by proponent, Mattie L. Randall, had been copied by her from the will of her father which had previously been probated.

Exception was also taken to the ruling of the court in rejecting contestants' exhibit No. 21 (being the petition for distribution of the estate of John Edgar Randall); exhibit No. 22 (inventory and appraisement of the estate of John Edgar Randall); and 23 (being the final account in the estate of John Edgar Randall). We find no error in the ruling in rejecting these exhibits. At the time they were offered no good reason appeared for their introduction. This is not intended to imply that they might not become admissible for other purposes or in the further development of the case.

Exception was also taken to the ruling of the court in excluding contestants' exhibit No. 43, which was a stenographic report of the testimony of proponent, Mattie L. Randall, given in the probate court on the trial of the case in that court upon admission of the will to probate. The answer to this assignment of error is that the exhibit does not appear to have ever been offered in evidence. It was first offered in evidence without any identification. The court said: "Objection sustained. I mean it is sustained upon the lack of identification." The reporter (Mr. Ralph T. Smith), who reported the testimony in the probate court, was called and testified to taking the testimony of the witness Mattie L.

Randall and that the exhibit 43 was a true and correct transcript of the evidence. Thereupon counsel for the respective parties indulged in some controversy among themselves, in which the court took part; and the result was that the exhibit was never re-offered in evidence and no ruling was made thereon. This exhibit has apparently been thought of importance for the reason that the Mattie L. Randall, whose testimony this purports to be, is one of the beneficiaries and proponents of the will and appeared in the probate court and, according to the exhibit, testified and denied writing the will or seeing anyone do so, and then failed to appear on the trial in the district court. When her sister, Eva, was on the witness-stand, she was asked the following questions:

"Q. Where is Mattie now? Where is Mattie?
"A. As far as I know, I think she is in the hospital.
"Q. Whereabouts?
"Mr. MORGAN: Object to that as immaterial.
"The COURT: Sustained.
"Q. When did she leave home?
"A. Yesterday.
"Mr. MORGAN: Object to that as immaterial.
"The COURT: Objection sustained."

It also appeared that the contestants caused a subpoena to be issued for Mattie and that the deputy sheriff made return that he "looked for Mattie Randall but never found her." So it did not appear upon the trial where this proponent could be found.

We have refrained from quoting or analyzing the evidence in this case for the reason that we are ordering a new trial and do not want any recital or comment of ours to be taken as indicating any view of ours as to the materiality, weight, or probative value of any fact or circumstance adduced in evidence.

For the reasons heretofore stated, the judgment will be reversed and a new trial will be ordered. Costs awarded to appellants.

Budge and Givens, JJ., concur.

Morgan, C. J., deeming himself disqualified, did not sit at the hearing or participate in the decision in this case.