326 P.2d 376

James M. O'CONNOR, Plaintiff-Appellant,

v.

Shirley BLACK, Defendant-Respondent.

No. 8548.

Supreme Court of Idaho.

June 2, 1958.

Bistline & Bistline, Pocatello, for appellant.

O. R. Baum, Ruby Y. Brown, Pocatello, for respondent.

SMITH, Justice.

Appellant, about 2:00 o'clock A.M., September 14, 1954, alone in his automobile was traveling southeasterly on U. S. Highway 30, some eight miles northwest of Mont-pelier where the highway rises on a slight curve. . Appellant, upon reaching the crest of the curve, saw ahead a herd of some twenty cattle on the highway in the area lighted by the lights of his car. The cattle belonged to respondent.

Appellant applied his brakes and turned his automobile to the right in an effort to avoid a collision, but hit one cow. The automobile came to rest in the borrow pit some seventy feet southeasterly of the point of impact, and the cow some twenty to thirty feet further southeasterly from the car.

Respondent kept about twenty cattle in a pasture situate approximately three-fourths of a mile from the highway. The pasture was enclosed on three sides by a barbed wire fence, and on its remaining farthest or easterly side from the highway by an electric fence. Respondent, after the accident, discovered that his south side wire fence was broken at a place facing a county road leading to the highway.

Appellant suffered injury to his person and his automobile resulting from the collision. He commenced action against respondent seeking recovery of general and special damages on account of such injuries which he alleged were proximately caused by respondent's negligence in failing to control his cattle and permitting them to be upon the highway knowing it to be heavily traveled.

Respondent in his answer denied negligence on his part, and alleged appellant's

contributory negligence. Respondent then alleged that the wire fence enclosing three sides of his pasture, was constructed as required by statute, and that the cattle broke through it during the evening of the accident, and entered the highway; that he discovered his cattle when he proceeded to the highway after having been advised of the accident, and observed where they had broken through the fence.

Respondent then cross-complained against appellant, seeking to recover his damage occasioned by the loss by death of the cow struck by appellant's automobile allegedly due to appellant's negligence. Appellant denied the material allegations of the cross-complaint.

The trial court during trial denied respondent's motions for a nonsuit and a directed verdict. The jury returned a verdict for damages in favor of respondent on his cross-complaint. Appellant appealed from the resulting judgment.

■ Appellant assigns errors of the trial court in giving to the jury certain instructions and in refusing a requested instruction.

Instruction No. 9, of which appellant complains, reads:

"You are instructed that it was the duty of the driver of the car during the time to have his car under such control that it could be brought to a stop within the range of his vision; that is,

it would be negligence on his part if he drove his car at a rate of speed faster than would permit him to stop within the distance which his lights enabled him to see."

This Court in Maier v. Minidoka County Motor Co., 61 Idaho 642, 650, 105 P.2d 1076, 1079, stated the rule to be:

"Generally it is negligence as a matter of law, or at least strong evidence of negligence, for a motorist to operate his automobile on a highway at such a speed that the automobile cannot be stopped within the distance within which objects can be seen ahead of the automobile. Goodman v. Wisby, 152 Kan. 341, 103 P.2d 804. This court has placed its approval upon the doctrine that one driving at nighttime must proceed at such rate of speed that he may be able *ordinarily* to stop short of an object appearing in the radius of his lights." (Emphasis supplied).

And in Pittman v. Sather, 68 Idaho 29, 34, 188 P.2d 600, 603, this Court stated:

"The rule laid down in the Maier case, supra, does not require that one be able absolutely to stop short of an object appearing in the radius of his lights, regardless of existing conditions, but only that he drive at night at such a speed as to be able *ordinarily* to so stop. Whether respondents were or were not negligent in driving at such

a speed as not to be able to stop before the collision, was a question for the jury to determine under all the evidence."

See, also, Stanger v. Hunter, 49 Idaho 723, 291 P. 1060; Baldwin v. Mittry, 61 Idaho 427, 102 P.2d 643.

Appellant's assignment is meritorious. Instruction No. 9 failed to state the correct rule applicable in such a case.

Appellant next assigns as error the giving of certain jury instructions relating to the burden of proof, viz., Instruction No. 10, as follows:

"You are instructed that in order for the driver of an automobile to recover damages from the owner of an animal on the highway that the plaintiff must prove that the animal was loose on the highway as a result of its being intentionally turned loose or on account of the negligent failure of its owner to keep said animal confined."

and Instruction No. 16, reading:

"You are instructed that the burden is on the plaintiff to prove by a preponderance of the evidence that the animal which plaintiff contends was unattended on the highway was there because its owner had failed to exercise due care in enclosing it under all the surrounding facts and circumstances."

and Instruction No. 17, reading:

"You are instructed that the care and diligence that every man is required to exercise in the protection of himself and his property is ordinary care, in view of all the surrounding circumstances, and if you find that the stock were the ordinary and customary stock grown in that immediate vicinity and the fence such as is generally required to restrain that kind of stock, and they escape without his fault, the defendant was not guilty of negligence."

Instructions Nos. 10 and 16 appear to be founded upon the law announced by the Supreme Court of Kansas, that the doctrine of res ipsa loquitur is not applicable in an action by a motorist to recover damages resulting from striking an animal loose on a highway. Wilson v. Rule, 169 Kan. 296, 219 P.2d 690; Abbott v. Howard, 169 Kan. 305, 219 P.2d 696. This Court, upon comparing and distinguishing the Kansas rule, in Shepard v. Smith, 74 Idaho 459, 263 P.2d 985, 988, held the doctrine of res ipsa loquitur to be applicable in this State in a similar case as here; applying that doctrine this Court said:

" * * * it [the doctrine of res ipsa loquitur] should be applied at least to the extent of requiring the owner of animals thus unattended upon a heavily traveled highway within the limits of

a village, to satisfactorily explain their presence, in order to avoid an otherwise justifiable inference of negligence. * * *."

In Round v. Burns, 77 R.I. 135, 74 A.2d 861, 863, 20 A.L.R.2d 1048, the rule is stated:

"* * * ordinarily the mere presence of a horse going loose and unattended on the highway is prima facie evidence of the negligence of the owner unless he rebuts it."

And in Mercer v. Byrons, 1 Cir., 1952, 200 F.2d 284, 286, appears a digest of many authorities in support of the following rule therein set forth:

"* * * the unexplained appearance of a horse which admittedly was owned by the defendant's minor sons and had been quartered in the barn on defendant's premises, galloping on a heavily traveled public highway in the night seems to us to be a sufficient basis for a fair inference of negligence within the scope of the rule of res ipsa loquitur."

Instructions Nos. 10 and 16 placed before the jury only the burden of the motorist to prove negligence of the owner of the cattle without the aid of the inference of negligence arising from the presence of the cattle on the highway unattended. The jury should have been instructed additionally on the doctrine of res ipsa loquitur, for that doctrine has application in the absence of sufficient explanation of the owner's failure to keep the livestock enclosed.

Moreover, the doctrine of res ipsa loquitur had peculiar application in the light of the record here, since the evidence fails to show that respondent's fence where the livestock broke through, conformed to the legal requirements of a fence. I.C., secs. 35–101 and 35–102; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494. Particularly, in the absence of such proof the question whether respondent had satisfactorily explained the presence of the livestock on the highway became a jury question. Such lack of proof likewise rendered improper the portion of Instruction No. 17, relating to the "fence such as is generally required to restrain that kind of stock."

Instructions Nos. 10 and 16 in the absence of the additional instructions on the doctrine of res ipsa loquitur and the referred to portion of Instruction No. 17, constituted error.

Appellant next assigns error of the trial court in giving jury Instruction No. 11, reading:

"You are instructed that animals at large on public highway are not trespassers in sense that motorist owes

owner of animals no duty except to refrain from injury."

and jury Instruction No. 13, which reads:

"You are instructed that if you find from the evidence that the plaintiff herein was aware of the fact that there were cattle upon such highway, then and in that event he owed a greater duty to drive with care than he would have if he had not had knowledge that the animals were upon such highway."

also jury Instruction No. 15:

"You are instructed that where the driver of a car is not familiar with the highway and likewise is not familiar with a dip or depression in the said highway, then and in that event it is the duty of said driver to drive with caution and to use greater care than he would if he was fully familiar with such highway."

and jury Instruction No. 19, as follows:

"You are instructed that if the plaintiff found himself in a place of danger, namely, in a herd of cattle and could have reduced his speed and he failed to so do, and an animal darted out in front of his car, then you should apply the rule that where a person finding themselves in a place of danger, such person must use greater care than a person that is not aware of any danger."

■ Since the theory of trespass was not injected into the case, either by pleading or by evidence, there was no occasion for Instruction No. 11 negativing trespass, but it was only necessary to instruct the jury upon the duty of the motorist and the owner of the livestock. Shepard v. Smith, 74 Idaho 459, 263 P.2d 985.

■ The difficulty with Instructions Nos. 13, 15 and 19 is that they would require a different degree of care of the motorist in the event he had knowledge of any circumstance related, than in the event he did not have such knowledge, differing from that required of an ordinarily prudent person under the circumstances.

Shepard v. Smith, supra, states the rule as follows:

"* * * the motorist is required to exercise the same degree of care that an ordinarily prudent person would exercise under the circumstances. This same degree of care is required of the owner to keep his animals from running or being loose and unattended upon the highway. The danger being increased by darkness and rain, the relative degree of due care correspondingly increases."

See, also Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057; Stuart v. Castro, 76 Ariz. 147, 261 P.2d 371, and Howland v. Cressy,

95 N.H. 205, 60 A.2d 128, in reiteration of the rule that a motorist is required to exercise only that degree of care as an ordinarily prudent person would be expected to exercise under the circumstances.

At 60 C.J.S. Motor Vehicles § 247, p. 603, the general rule is stated to be:

"In the absence of a statute providing otherwise, the operator of a motor vehicle must exercise no more than reasonable or ordinary care, that is, the degree of care and caution which an ordinarily prudent person would exercise under similar circumstances; and the measure of diligence and attention required in a particular case to constitute reasonable care depends on all the relevant circumstances."

The Legislature does not appear to have enacted a statute contra the rule above expressed.

Instructions Nos. 11, 13, 15 and 19 are clearly erroneous.

Lastly appellant assigns error of the trial court in refusing appellant's requested Instruction No. 1, reading:

"You are further instructed that the presence of livestock upon a highway at night unattended raises a presumption of negligence on the part of the owner, and that such owner, in order to avoid being found negligent in allowing such livestock upon the high-way must excuse himself by showing circumstances under which the livestock got upon the highway and that such circumstances were not due to negligence on the part of the owner."

Appellant asserts that the requested instruction is consistent with the law announced in Shepard v. Smith, supra. With such assertion we are not in entire accord.

We interpret the announcements of the Shepard v. Smith case to be that the presence of livestock unattended upon a heavily traveled highway in the nighttime raises an inference of negligence on the part of the owner. In the absence of any satisfactory explanation by the owner of the presence of the animals thus on the highway at night unattended, a jury would be justified in finding that the presence of such animals on the highway was the result of negligence on the part of the owner.

If a jury should find from the preponderance of the evidence that the animals were upon such highway at night unattended then the jury should further determine whether their presence on the highway has been satisfactorily explained by the owner; and from all the facts and circumstances in evidence, determine whether the owner was negligent, and if so, whether such negligence on his part was the proximate cause of the collision and damage which the motorist sustained.

A properly worded instruction concerning such phase of the law should have been given.

We therefore are of the opinion that the trial court did not commit error in refusing such requested instruction.

The judgment of the district court is reversed and the cause remanded for a new trial. Costs to appellant.

KEETON, C. J., PORTER and TAYLOR, JJ., and BURTON, D. J., concur.

McQUADE, J., not participating.