378 P.2d 816

**LeRoy SHAFFER, Plaintiff-Appellant,**

v.

**Floyd L. ADAMS, Defendant-Respondent.**

No. 9091.

Supreme Court of Idaho.

Feb. 1, 1963.

Rehearing Denied March 4, 1963.

Gigray & Boyd, Caldwell, for appellant.

S. Ben Dunlap, Herbert W. Rettig, Caldwell, Donart & Donart, Weiser, for respondent.

**McQUADE, Justice.**

On July 14, 1960, at approximately 1:45 p. m. the plaintiff, LeRoy Shaffer, was driving a loaded dump truck in a westerly direction on the Huston-Homedale Road in Canyon County. This is a paved road approximately 24 feet in width and has a white dividing center line. The defendant, Dr. Floyd Adams, was proceeding in an easterly direction on the same road. Dr. Adams was driving a pickup truck, and towing a hay conveyor.

As the vehicles approached each other, plaintiff noticed that the conveyor was "weaving." When the vehicles met the conveyor veered across the white dividing line and struck the cab of the truck driven by the plaintiff, injuring him. An inspection of the conveyor revealed that the "drawbar" used to attach the conveyor to the pickup had broken loose causing the conveyor to become completely detached from the pickup.

Thereafter, plaintiff commenced this action to recover for the injuries suffered, alleging the defendant was negligent in failing to properly secure the conveyor to the pickup and in failing to take necessary precautions to avoid the accident and that this negligence proximately caused the accident and injuries resulting therefrom. The defendant answered, denying negligence on his part and, by way of affirmative defenses, alleged that the plaintiff was contributorily negligent; that plaintiff had the last clear chance of avoiding the accident; and that the injuries suffered by the plaintiff resulted from an unavoidable accident.

At the trial, plaintiff testified he did not notice the pickup until it had approached to within about 200 feet of him; that shortly thereafter he noticed the conveyor was weaving; that when he was about even with the front of defendant's vehicle he turned to the right in an effort to avoid colliding with the conveyor; and that at the time of the collision, plaintiff had steered his truck to the right shoulder of the road to the extent that the wheels on the right side of his truck were off the oiled portion of the highway. The plaintiff further testified that in his opinion, the defendant was traveling at a speed of about 30 miles per hour.

The defendant, the only other witness present at the time of the accident, testified he had not inspected the drawbar to determine if it was in good working condition when he attached it to his pickup; that he had not used a safety chain; that he was familiar with this road and had driven over it on many occasions; that he had been driving at a speed of about 30 miles per hour until he approached a "dip" in the road; that he slowed down as he proceeded through the "dip" and over a bridge; that the road was rough or bumpy; that after crossing the bridge, he felt a "force" against the back of his pickup that caused his vehicle to veer to the left forcing the truck across the dividing line; that he became aware of plaintiff's truck approaching him; and that he thereafter endeavored to steer his pickup back to the right side of the highway in order to avoid colliding with the truck. Dr. Adams stated that he did not apply his brakes in an effort to stop immediately because he was in the path of the truck driven by plaintiff. He stated that he sought to slowly decrease his speed and return to the right side of the highway. Dr. Adams further testified that he did not have an opportunity to observe the conveyor during this interval because his efforts to control the pickup required his full attention. He further testified that the plaintiff's vehicle at all times was in its proper lane of traffic.

The evidence shows that the metal drawbar broke loose from the conveyor. The drawbar had been attached to a piece of angle iron which had been welded to the conveyor. The angle iron broke loose at the point where it had been welded to the base of the conveyor and caused the drawbar to become disconnected.

At the close of plaintiff's case, defendant moved for a dismissal upon the ground "that upon the facts and under the law, the plaintiff has no right to any relief." Following argument, the trial court granted the motion, ruling that the doctrine of res ipsa loquitur did not apply to the facts of this case and further that, as a matter of law, the plaintiff had not established sufficient facts to entitle him to recover under any theory of negligence. Plaintiff filed a

motion for a new trial, contending that the evidence presented raised the issue of negligence on the part of the defendant and that such issue was properly one for the jury to determine. The motion was denied and the trial court entered judgment dismissing the cause. Plaintiff appeals from the judgment and the order denying his motion for a new trial, contending evidence presented on the issue of negligence of the defendant was sufficient to present a question for determination by the jury and the trial court erred in refusing to submit this issue to the jury.

 The wording of the defendant's motion for a dismissal indicates that the motion was made pursuant to I.R.C.P. 41(b). In 2B Barron and Holtzoff, Federal Practice and Procedure, Sec. 919, p. 148, the rule with regard to the granting of such a motion is stated as follows:

"In a jury case, sufficiency or insufficiency of the evidence upon a motion for dismissal—or a motion for directed verdict as it should be called—depends upon the facts and circumstances in each case * * *. It is sufficient to say that an involuntary dismissal should be denied when substantial testimony meets the burden of proof and warrants submission to a jury. The testimony and all reasonable inferences therefrom must be viewed in the light most favorable to the plaintiff."

In Smith v. Big Lost River Irrigation District, 83 Idaho 374, 364 P.2d 146, this Court stated:

"A motion for directed verdict * * admits the truth of the adversary's evidence and every inference of fact which may be legitimately drawn therefrom. Hendrix v. City of Twin Falls, 54 Idaho 130, 29 P.2d 352; Griffin v. Clark, 55 Idaho 364, 42 P.2d 297; Hobson v. Security State Bank, 56 Idaho 601, 57 P.2d 685; Stearns v. Graves, 62 Idaho 312, 111 P.2d 882. This Court is firmly committed to the rule that a trial court should not take a case from the jury unless, as a matter of law, no recovery could be had upon any view which properly could be taken of the evidence. Stearns v. Graves, supra."

See also Buffat v. Schnuckle 79 Idaho 314, 316 P.2d 887, wherein this Court stated:

" 'The court may not weigh the evidence, or resolve the conflicts therein, or determine what conclusions should be drawn therefrom. That is the function of the jury, and the essence of a jury trial.' "

Pursuant to the rules stated above, the issue to be determined in this case is whether, as a matter of law, the evidence presented by the plaintiff was insufficient to establish his entitlement to recovery under any view which could be properly taken of

the evidence. Smith v. Big Lost River Irrigation District, supra.

█ Plaintiff contends the evidence presented established negligence on the part of the defendant to the extent that this question became one of fact, to be submitted to the jury. Plaintiff contends the trial court erred in specifically ruling that the doctrine of res ipsa loquitur was not applicable in this case. Defendant asserts that the trial court correctly so ruled, on the grounds that because plaintiff sought to prove specific acts of negligence, he is precluded from relying on the doctrine of res ipsa loquitur to raise a presumption of negligence on the part of the defendant. In other words, defendant contends that because plaintiff introduced evidence as to the cause of the accident, (separation of the drawbar from the conveyor) res ipsa loquitur does not apply. With this we cannot agree.

In Prosser on Torts, 2nd Ed. 1955, Sec. 43, p. 214, this question is specifically dealt with, and the following statements appear:

"Where the plaintiff introduces specific evidence of the defendant's negligence, the question arises whether he may still rely upon the inference provided by a res ipsa loquitur case. * *.

"* * * proof of specific facts does not necessarily exclude inferences. When the plaintiff shows that the railway car in which he was a passenger was derailed, there is an inference that the defendant has been negligent. When he goes further and shows that the derailment was caused by an open switch, * * * the inference that the defendant has not used proper care in looking after its switches is not destroyed, but strengthened. * * *. It is quite generally agreed that the introduction of evidence which does not purport to furnish a complete explanation of the occurrence does not deprive the plaintiff of res ipsa loquitur."

In Leet v. Union Pac. R. Co., 25 Cal.2d 605, 155 P.2d 42, that court stated:

" 'The fact that some testimony is offered which tends to show specific acts of negligence does not preclude the plaintiff from relying on the presumption.' If, because of the circumstances of the case and the probabilities, an inference of negligence is raised, the doctrine should be applied, it is difficult to see why its application should be denied merely because plaintiff proves specific acts of negligence. There is no reason why such proof should wholly dispel the inference any more than it would in any other case. The plaintiff is penalized for going forward and making as specific a case of negligence as possible. If he endeavors to

make such a case he runs the risk of losing the benefits of the doctrine to which the circumstances entitle him. Rather than place him in such a position he should be encouraged to prove as much as possible. The end result is not injurious to the defendant. He is not injured by the fact that the inference of negligence arose. The circumstances established a foundation therefore based upon probability. Indeed, he is in a better position as he has specific evidence to meet before the trier of fact that may be helpful to him. The case goes to the trier of fact with the general inference of negligence, plus other evidence of specific acts of negligence, to be weighed against defendant's showing. There is no reason for applying a different test for determining when the inference is wholly dispelled as a matter of law in a case where res ipsa loquitur is applicable, than is used in the case of any other inference."

See also: D'Amico v. Conguista, (Wash.) 167 P.2d 157; Mahlum v. Seattle School Dist. No. 1, (Wash.) 149 P.2d 918.

We conclude that plaintiff was not precluded from relying on the doctrine of res ipsa loquitur. The evidence introduced did not destroy the inference that defendant failed to use proper care in the inspection and operation of the vehicles; rather, this evidence strengthens such inference. Prosser on Torts, supra.

Essential elements of the doctrine of res ipsa loquitur are: (1) that the agency or instrumentality causing the injury be under the control and management of the defendant; and (2) that the circumstances were such that common knowledge and experience would justify the inference that the accident would not have happened in the absence of negligence. C. C. Anderson Stores Co. v. Boise Water Corporation, 84 Idaho 355, 372 P.2d 752. See also 38 Am.Jur., Negligence, Sec. 295, p. 989. It is not disputed that defendant had control and management of the conveyor. It may be reasonably inferred that the conveyor would not normally have become detached from the defendant's pickup in the absence of negligence. Bradley v. Johnson, 60 N.M. 453, 292 P.2d 325; Weddle v. Loges, 52 Cal.App.2d 115, 125 P.2d 914.

After a review of the record, we conclude that the testimony and all reasonable inferences which might be drawn therefrom concerning the issue of negligence of the defendant presented a question of fact to be determned by the jury. Accordingly, the judgment is reversed and the cause remanded for reinstatement of the complaint and a new trial.

Costs to appellant.

KNUDSON, C. J., and McFADDEN, TAYLOR, and SMITH, JJ., concur.