399 P.2d 266

**Floyd L. CORTHELL, Plaintiff-Respondent,**
**v.**
**Frank PEARSON, Defendant-Appellant.**
**No. 9374.**

Supreme Court of Idaho.
Feb. 16, 1965.

Harry Turner, Twin Falls, for appellant.

Murphy, Schwartz & Cunningham, Twin Falls, for respondent.

SMITH, Justice.

On October 31, 1961, at 9:15 o'clock p. m., respondent was driving his automobile in a northerly direction on U. S. Highway No. 30 approximately seven miles northwest of Buhl, Idaho. He was proceeding at a speed of 50 to 55 miles per hour when he met an oncoming vehicle and was temporarily blinded by its headlights. After this car had passed, respondent observed a cow on the highway directly in front of him.

He applied his brakes, but could not avoid striking the animal.

The collision caused substantial damage to respondent's automobile. He brought this action for recovery of damages, against appellant, owner of the animal, a 3-year old heifer. In his complaint respondent alleged negligence on the part of appellant in allowing the animal to be on a public highway in the nighttime, and in failing to keep the animal in a properly fenced enclosure, within the boundaries of a herd district.

Appellant in his answer admitted his ownership of the animal, and admitted the collision between it and respondent's automobile causing damage to the vehicle; he also admitted that the general area where the collision occurred was within a herd district. See I.C. Tit. 25, ch. 24, relating to herd districts. At the conclusion of the trial before the district court sitting without a jury, the court entered judgment against appellant in favor of respondent for the damages to his automobile resulting from the collision, from which judgment appellant perfected this appeal.

Appellant assigns the single error committed by the court, "in entering judgment for the Plaintiff against the Defendant." In effect he argues, that the judgment is against the law applicable to the facts involved in the case, and that the evidence is insufficient to support the judgment.

I.C. § 25–2119, enacted by the legislature in 1961, reads:

"No person owning, or controlling the possession of, any domestic animal *lawfully* on any highway, shall be deemed guilty of negligence by reason thereof." (Emphasis supplied.)

I.C. § 25–2118 also enacted by the legislature in 1961, reads:

"No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person riding therein, caused by a collision between the vehicle and the animal. 'Open range' means all unenclosed lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam."

I.C. § 25–2408, in part, reads:

"The owner of animals permitted or allowed to run at large, or herded in violation of any order made in accordance with the provisions of section 25–2404 [order creating a herd district], shall be liable to any person who shall suffer damage from the depredations or trespasses of such animals, without regard to the condition of his fence;"

The parties to this cause waived findings of fact and conclusions of law. In entering the judgment in favor of respondent,

the trial court thereby resolved, in respondent's favor, the issue of appellant's negligence as alleged by respondent, i. e., in allowing his heifer to be on the public highway at night, and in failing to keep the animal in a properly fenced enclosure while within the boundaries of the herd district.

In Soran v. Schoessler, 87 Idaho 425, 394 P.2d 160 (1964), defendant-appellant Schoessler advanced two grounds for escapement from the judgment, which the court resolved against him, i. e., first, the insufficiency of the evidence to sustain the judgment, and second, that the statute did not impose an affirmative duty upon a livestock owner to fence in his livestock, except in those areas in which a herd district exists.

■ Schoessler contended that the legislature by enacting I.C. § 25–2119 intended to relieve a livestock owner of liability "under circumstances set forth in the statute". That section of the statute, however, relieves from negligence any person owning, or controlling the possession of, a domestic animal · *lawfully* on a highway. Moreover I.C. § 29–2118 impliedly makes it the duty of a person owning, or controlling the possession of, a domestic animal, to keep such animal off the highway, unless the highway is on open range; and does not absolve such person from liability for damages to a vehicle or injury to a person caused by a collision between the vehicle and any such animal, unless the highway is on open range; and defines "open range" to mean all unenclosed land outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam.

■ Appellant's land was fenced, and was located in a herd district. The burden rested upon appellant under the provisions of the aforesaid sections of the statute to show that his domestic animal was lawfully on the highway; otherwise, under I. C. § 25–2119, the implied duty rested upon appellant to keep his animal off the highway, since the land was in a herd district and not on "open range". See Shepard v. Smith, 74 Idaho 459, 263 P.2d 985 (1953), and O'Connor v. Black, 80 Idaho 96, 326 P.2d 376 (1958), wherein was applied the doctrine of res ipsa loquitur as to animals on the highway during the nighttime.

With reference to whether any of the fences were down, on the particular night that the animal escaped onto the highway, and whether they were down the next day, defendant [appellant] testified on direct examination:

"Q. Were any of the fences down at the time [meaning the night that the cow escaped from the enclosure]?

"A. Not to my knowledge.

"Q. Did you notice whether or not the fences were down the next day?

"A. No, not the next day I never noticed."

Later, on direct examination he again testified:

> "Q. Mr. Pearson, did you notice on the day of the accident, or the day after, any of these fences being down?
>
> "A. I never noticed, the day after, no."

The evidence described the various fences which enclosed appellant's land; including portions intended as electric fences; but the evidence fails to show whether the electric fences were charged with electricity at any time prior to the animal's escapement or thereafter, particularly, on the day after the collision; nor does the evidence show whether appellant in anywise checked his fences the day after the collision to ascertain whether any of them were down.

■ The question herein is not whether there is substantial evidence to show that the animal may have been confined by a lawful fence, I.C. § 35–101 et seq., from which the animal may have escaped. Under the law heretofore cited, appellant had the burden of proving that the animal was lawfully on the highway, which was within a herd district and not on "open range". The animal's presence on the highway was ipso facto unlawful which, in the absence of proof to show that its presence thereon was lawful, cannot absolve appellant from liability for damages to any vehicle, or injury to any person riding therein, caused by a collision between the vehicle and the animal. Moreover I.C. § 25–2119 does not absolve the owner from liability for damages caused by the animal's unlawful presence on the highway by reason of the presumption expressed in such section of the statute.

■ The credibility of witnesses and the weight to be given their testimony is within the province of the trier of facts, and all reasonable inferences drawn by the trier of facts from the evidence will be sustained on review. Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962); In re Odberg's Estate, 67 Idaho 447, 182 P.2d 945 (1947); Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264 (1948).

■ Where the facts might lead different minds to different conclusions, the findings of the trier of facts will prevail, if the evidence is competent and substantial. In re Randall's Estate, 58 Idaho 143, 70 P.2d 389 (1937); Nelson v. Altizer, 65 Idaho 428, 144 P.2d 1009 (1944); Fenton v. King Hill Irrigation Dist., 67 Idaho 456, 186 P. 2d 477 (1947); Sellars v. Sellars, 73 Idaho 163, 248 P.2d 1063 (1952).

In the case at bar the evidence is undisputed, competent and substantial, as follows: Appellant owned the heifer, a domestic animal, kept upon appellant's land; such land and the highway upon which the collision occurred were situate within a

**300**

herd district; appellant's land was enclosed partially by a pole fence, and partially by woven wire, topped with a wire designed to be charged by electricity, and a portion was enclosed by a wire 30 inches from the ground designed to be an electric fence; also by feed bins, panels and a gate. The animal was on the highway during the nighttime; the animal was causative of the damage sustained by respondent. Appellant did not test his electric fences at any time, either before, immediately after, or the day after, the accident to ascertain whether they were charged with electricity; nor did he inspect his fences the day after the accident to ascertain whether any of them were broken or down.

█ The law itself supplies the presumption that the animal was unlawfully on the highway at the time and place of the collision unless satisfactorily explained by the owner. Whether appellant did or did not satisfactorily explain the animal's presence upon the highway as being lawful at the time and place of the collision, in the light of the evidence, was for the trier of the facts; and the trier of the facts resolved that issue in favor of respondent and against appellant.

The judgment is affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.