409 P.2d 107

Tad SCHOFIELD, Plaintiff-Appellant,

v.

IDAHO FALLS LATTER DAY SAINTS HOSPITAL, a corporation, and Fred Walther, Defendants-Respondents.

No. 9456.

Supreme Court of Idaho.

Dec. 24, 1965.

· Roberts & Poole, Boise, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, Merrill & Merrill, Pocatello, for respondents.

McQUADE, Chief Justice.

In 1956 Tad Schofield, plaintiff-appellant herein, sustained an injury to his left eye which caused his vision to become cloudy. He was referred to Dr. Wallber, a defendant-respondent herein, a physician and surgeon specializing in ophthalmology. Dr. Wallber, after examining the eye and having X-rays taken, determined that a traumatic cataract was forming on Schofield's left eye. Dr. Wallber advised that the cataract be allowed to mature to permit corrective surgery.

Schofield visited Dr. Wallber on January 8, 1959, in regard to the proposed operation and was informed he would be in the hospital for one week and would be unable to do heavy work for six weeks thereafter. He also was told that the eye appeared firm and in good condition and a good chance existed for successful surgery.

Two weeks later Schofield again visited Dr. Wallber, who made a physical examination of Schofield. That afternoon he entered Idaho Falls Latter Day Saints Hospital. After blood samples and a specimen were taken, Schofield received medication to induce sleep. The record does not reveal whether preoperative medication to his eye was administered that night.

The operation was performed the following morning. A few days after the operation, clouding of the eye was noted on and around the pupil, indicating an infection. This infection caused a shrinking of the eyeball, necessitating its removal in January 1960.

Schofield instituted this action in October 1961, alleging negligence by the hospital and Dr. Wallber. He asked both general and special damages. At the close of Schofield's evidence, the respondents' motion for involuntary dismissal was granted and judgment was entered against appellant. Schofield appeals from that judgment.

 Error is assigned to the trial court's refusal to permit appellant to add a second count to his second amended complaint. The "second count" alleged that Dr. Wallber did not fully advise appellant of the inherent risks of the operation.

During the course of the trial, appellant introduced evidence, without objection, of Dr. Wallber's conversations with appellant and his wife regarding details of the forthcoming operation. Therefore, to that extent, Dr. Wallber disclosed to appellant the risks of the operation; such evidence was material to that issue. Regardless of the sufficiency of the evidence introduced by the appellant, he cannot now complain that he was not permitted to raise the issue. I.R.C.P. 15(b) in part provides:

"When issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Morford v. Brown, 85 Idaho 480, 381 P.2d 45 (1963).

 Appellant also assigns as error the trial court's granting respondents' motion to strike paragraph IX from appellant's second amended complaint.

Respondents argue that appellant has failed to cite authorities or to make argument in support thereof. Rule 41 of the Appellate Rules of the Supreme Court requires the parties to cite authorities and make argument in support of their contentions in the briefs. This court will not consider assignments of error if the party fails to include either argument or citation of authority in the brief. Weaver v. Sibbett, 87 Idaho 387, 393 P.2d 601 (1964).

Error is assigned to the trial court's granting respondents' motion to strike para-

graph X from appellant's second amended complaint. That paragraph reads as follows:

"That the plaintiff Tad Schofield, from the time he entered the defendant hospital on January 19, 1959 until his release therefrom on or about the 1st day of February, 1959, was under the exclusive care, custody, control and management of the defendants."

Respondents contended by their motion to strike that appellant was attempting to invoke the doctrine of res ipsa loquitur and that such theory should be disallowed as a matter of law.

The applicability of the doctrine of res ipsa loquitur to malpractice actions has been discussed in numerous opinions.

In Engelking v. Carlson, 13 Cal.2d 216, 88 P.2d 695, 698 (1939), the court stated:

"It is true that in a restricted class of cases the courts have applied the doctrine of res ipsa loquitur in malpractice cases. But it has only been invoked where a layman is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised. For example, it has been applied where a sponge was left in the body of the patient after closing an operative incision [Cases cited]; where the patient was burned by the application of hot compresses or heating apparatus [Cases cited]; where the patient was burned through the operation of an X-ray machine [Cases cited]; and where the patient sustained an infection through the use of an unsterilized hypodermic needle. [Case cited] In each one of these situations the rule was applied because common knowledge and experience teaches that the result was one which would not have occurred if due care had been exercised."

See also Cavero v. Franklin General Benev. Soc., 36 Cal.2d 301, 223 P.2d 471 (1950).

The California case of Siverson v. Weber, 57 Cal.2d 834, 22 Cal.Rptr. 337, 339, 372 P.2d 97, 99 (1962), states:

"The fact that a particular injury suffered by a patient as the result of an operation is something that rarely occurs does not in itself prove that the injury was probably caused by the negligence of those in charge of the operation. * * *

"To permit an inference of negligence under the doctrine of res ipsa loquitur solely because an uncommon complication develops would place too great a burden upon the medical profession and might result in an undesirable limitation on the use of operations or new procedures involving an inherent risk of injury even when due care is used.

Where risks are inherent in an operation and an injury of a type which is rare does occur, the doctrine should not be applicable unless it can be said that, in the light of past experience, such an occurrence is more likely the result of negligence than some cause for which the defendant is not responsible."

See also Hale v. Heninger, 87 Idaho 414, 393 P.2d 718 (1964).

In Walker v. Distler, 78 Idaho 38, 47, 296 P.2d 452, 457 (1956), it was said:

"Generally speaking, negligence in malpractice cases must be established by expert medical testimony. This is so because the causative factors are not ordinarily within the knowledge or experience of laymen composing the jury.

\* \* \* \* \* \*

"There are exceptions to the general rule which permit the plaintiff in a malpractice case to invoke the doctrine of res ipsa loquitur. Among these are cases in which the surgeon has left a foreign object, such as a sponge or surgical instrument, within the body of the patient. In these cases the negligence

involved is said to be within the experience and knowledge of laymen."

See also Hale v. Heninger, supra; and Siverson v. Weber, supra.

While res ipsa loquitur may at times be applied to actions for malpractice, the doctrine must be limited to those cases where the layman is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised. Where such facts are absent, expert medical evidence is required to prove negligence. See Cavero v. Franklin General Benev. Soc., supra. The record in this case does not warrant application of the doctrine of res ipsa loquitur.

Appellant also assigns as error the granting of respondents' motion for dismissal, under Rule 41(b), I.R.C.P.[1] Under previous rules dealing with motions for nonsuit, this court has said:

"On a motion by defendant for nonsuit, after the plaintiff has introduced his evidence and rested his case, the defendant must be deemed to have ad-

---

1. "Rule 41(b). Involuntary dismissal— Effect thereof.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits."

mitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove." Miller v. Gooding Highway Dist., 55 Idaho 258, 262, 41 P.2d 625, 627 (1935).

See also Hill v. Bice, 65 Idaho 167, 139 P.2d 1010 (1943); and 2B Barron & Holtzoff, Federal Practice and Procedure, § 919 (1961).

Appellant contends he provided sufficient competent evidence on each material allegation to constitute a prima facie case. Upon reviewing the record, we concur with the conclusion of the trial judge that there was insufficient evidence as a matter of law to establish negligence on the part of the respondents which would sustain a verdict by the jury in favor of appellant.

Error is assigned to refusal of the trial court to admit three exhibits into evidence "for all purposes." These exhibits were related to the measure of appellant's damages. Since appellant failed to prove negligence by the respondents, this question is of no moment on appeal.

We have reviewed appellant's other assignments of error. We find no reversible error therein.

The order and judgment of the trial court are affirmed.

Costs to respondents.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.