487 P.2d 689

J. R. FARBER and Robert L. Farber, Plaintiffs-Appellants,

v.

Wayne T. CORNILS and Fletcher-Mitchell Corporation, Defendants-Respondents.

No. 10657.

Supreme Court of Idaho.

July 28, 1971.

Earl E. Reed, Nampa, for plaintiffs-appellants.

Brauner, Fuller & Doolittle, Caldwell, and Hansen & Hansen, Idaho Falls, for defendants-respondents.

SPEAR, Justice.

On June 29 and 30, 1966, radio station KFXD in Nampa broadcast an editorial decrying the condition of a lot in Nampa of which appellants, as partners under the name of JBK Associates, were lessees. The editorial stated:

"It's unkept, dirty, overgrown with weeds, unsightly and dangerous. It resembles an abandoned used car lot. It is the first impression that thousands of visitors to 'Treasure Valley' get of Downtown Nampa. The once proud site of the famous and colorful Dewey Palace is now a festering ulcer to the eyes of all who travel thru Nampa. With the Dewey Palace razed and a modern bank building occupying half of the area, the persons controlling this property apparently see no need to be concerned with the looks of this busy corner. Apparently these people don't care if tourists, guests, business prospects, industrial developers, motorists from other parts of Idaho and Treasure Valley * * * let alone the residents of the Nampa area * * * are appalled by the uglyness [sic] of their property. These persons have shunned offers of assistance in cleaning up the site from the City, the Chamber of Commerce and the Loop Incorporated. If these individuals do not have the civic pride to expend the small amount of effort it would take to make the property look respectable then perhaps it is time for City Hall to consider legal proceedings and any other necessary action to inspire them to cut the weeds, oil the dust, fill up the gapping [sic] hole, and cooperate with the groups which are interested in Nampa.

"The site could easily be developed into a temporary public parking lot until a permanent development can be finalized. We like to think that perhaps with forceful encouragement and the interest of an arroused [sic] public, these persons will see the need to take immediate action to remedy this sad situation."

As a result of this editorial, appellants claim to have been damaged in several respects: physical and mental upset of appellant J. R. Farber and his wife, loss of income, injury to reputation, ridicule, and harassment by anonymous telephone calls. Appellants brought suit complaining that the defamatory nature of the editorial caused them $10,000 general and $10,000 special damages and also seeking $100,000 punitive damages. Among their special damages, appellants alleged that as a result of the editorial, the wife of J. R. Farber suffered nervous shock accompanied by serious physical manifestations.

Prior to the trial, J. R. Farber's wife, Amelia Farber, withdrew as a party to the action, because of medical opinion that in the event she testified in her own behalf, the strain of cross-examination would be harmful to her.

The trial before a jury was commenced. After appellants had presented all their evidence, respondents moved for an involuntary dismissal. The district court granted their motion for the reasons that the editorial was not slanderous in and of itself, that appellants' own evidence had shown that no substantial group of people held them in contempt because of it, there was no proof that the telephone calls were related to the editorial, and there was no showing that the public knew to whom the editorial referred. Also, since the editorial was not slanderous per se, appellants were required to show special damages, a burden they had failed to carry. The court entered judgment for respondents.

Appellants assign the following alleged errors by the district court: the court erred in granting the motion for an involuntary dismissal; the court erred in the exclusion of evidence on appellants' offer of proof of damages; the court erred in ruling that actual pecuniary damages, expenses, loss of income and other expenses directly re-

sulting from the mental upset and hospitalization of the wife of appellant J. R. Farber were not admissible because mental suffering and torment could not be compensable; and the court erred in ruling that damages suffered as a result of the wife's mental upset or torment were not losses to the community of appellant J. R. Farber and Amelia Farber his wife.

We have reviewed the record and arguments presented in this case and conclude that the district court's decision granting respondents' motion for involuntary dismissal must be affirmed. I.R.C.P. 41(b) provides:

> "Involuntary dismissal—Effect thereof.—For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for lack of an indispensable party, operates as an adjudication upon the merits."

This court has held that a motion for involuntary dismissal should be granted only where as a matter of law no recovery can be had upon any reasonable construction of the evidence. Petersen v. Parry, 92 Idaho 647, 448 P.2d 653 (1968); Whitt v. Jarnagin, 91 Idaho 181, 418 P.2d 278 (1966); Schofield v. Idaho Falls Latter Day Saints Hospital, 90 Idaho 186, 409 P.2d 107 (1965); Hale v. Heninger, 87 Idaho 414, 393 P.2d 718 (1964); Shaffer v. Adams, 85 Idaho 258, 378 P.2d 816 (1963). Appellants' right

to a favorable judgment by this court on any of their assignments of error, therefore, turns on the question of whether the evidence they presented at trial can be so construed as to entitle them to relief.

A precondition to any recovery in a defamation action is that the plaintiff establish that the words which were published referred with particularity to him. Gnapinsky v. Goldyn, 23 N.J. 243, 128 A.2d 697 (1957); Brodsky v. Journal Pub. Co., 73 S.D. 343, 42 N.W.2d 855 (1950); Harris v. Curtis Pub. Co., 49 Cal.App.2d 340, 121 P.2d 761 (1942); Ryan v. Hearst Publications, Inc., 3 Wash.2d 128, 100 P.2d 24 (1940). We do not believe that appellants' evidence established that the editorial referred to them individually. The broadcast did not name the Farbers, but rather referred only to "persons controlling this property." Further, it could have referred to any of several individuals or groups of individuals. Appellants, as lessees from the fee owners, had executed sub-leases to part or all of the property prior to the broadcast. It is quite as reasonable to interpret the editorial as referring to the sublesses as to the appellants. Appellants' evidence did not show prima facie that the editorial was or could reasonably have been taken by members of the public as referring ot them. Since appellants did not make the requisite initial showing that the editorial referred to them, they were not entitled to recovery as a matter of law.

We have examined appellants' other assignments of error but this disposition renders unnecessary discussion thereof. Order of the district court granting respondents' motion for involuntary dismissal and judgment for respondents affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.