**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46790**

| | |
|---|---|
| MIA KIM VIG and TOMMY VIG,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>SARAH JANE GERDES,<br><br>Defendant-Respondent,<br><br>and<br><br>JOHN DOE and/or JANE DOE,<br><br>Defendants. | Filed: January 24, 2020<br><br>Karel A. Lehrman, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of dismissal, <u>affirmed</u>.

Mia Kim Vig and Tommy Vig; West Hills, California, pro se appellants.

Paine Hamblen LLP; Scott C. Cifrese, Spokane, Washington, for respondent.

HUSKEY, Chief Judge

Mia Kim Vig and Tommy Vig appeal from the district court's final judgment of dismissal. Specifically, the Vigs argue the district court erred when it granted Sarah Jane Gerdes's motion to dismiss[1] ("motion for summary judgment") and denied the Vigs' motion for summary judgment and motion to amend. Because the Vigs failed to establish a claim of

---

[1] Gerdes filed the motion to dismiss pursuant to Idaho Rule of Civil Procedure 12(b)(6). The district court determined it was considering matters outside the pleadings and, thus, treated Gerdes's motion to dismiss as a motion for summary judgment, pursuant to I.R.C.P. 56. *See* I.R.C.P. 12(d). We will hereafter refer to this motion as Gerdes's motion for summary judgment.

1

defamation per se, the district court properly granted Gerdes's motion for summary judgment. We therefore affirm the district court's judgment of dismissal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Gerdes wrote a book entitled "Sue Kim of the Kim Sisters, The Authorized Biography." The book was an account of Sue Kim, who was a member of the Kim Sisters musical group. Mia Kim, who was also a member of the Kim Sisters, and her husband, Tommy, sued Gerdes for defamation resulting from publication of the book.

The Vigs' complaint alleged libel, defamation, intentional infliction of emotional distress, and intentional interference with prospective economic advantage. However, the Vigs did not identify any specific monetary amount of damage in their complaint. Instead, the Vigs explained the contents of the book were libel per se,[2] and as such, the Vigs' claim was "actionable without further proof of fact or damages." The complaint listed the following general damages: the lack of invitations to perform in Korea; the damage to their reputation as human beings and performers; and the damage to their reputation for honesty and integrity, their standing in the entertainment community, and present and future employment.

Gerdes filed an answer to the Vigs' complaint. The Vigs subsequently withdrew the claims of intentional infliction of emotional distress and intentional interference with prospective economic advantage, and the same day, the Vigs filed a motion for summary judgment.[3] The Vigs served Gerdes by mail with two separate requests for admission. Gerdes failed to respond to the requests. The Vigs also filed a motion to amend complaint, seeking leave to add a claim of fraud. In addition, the Vigs submitted a notice to the court which indicated they served Gerdes with three sets of requests for admission. The district court ultimately held that Gerdes

---

[2]    Libel consists of the publication of defamatory matter by written or printed words. Restatement (Second) of Torts § 568 (1977). The Vigs alleged both "libel" and "defamation" in their complaint, and use "libel per se" and "defamation per se" interchangeably throughout this case, but any difference of usage is not dispositive in the current case. For consistency, this Court will refer to the claim as "defamation," unless it cites to motions or arguments made by the Vigs.

[3]    Within the next four months, the Vigs filed ten supplemental documents in support of their motion for summary judgment.

was properly served with the first two sets of requests for admission and because she failed to respond, the requests were deemed admitted pursuant to Idaho Rule of Civil Procedure 36(a)(4).[4]

Gerdes sought to dismiss the suit and filed a motion summary judgment along with a memorandum in support of the motion for summary judgment. In her motion, Gerdes argued she did not defame plaintiffs because the statements were not actionable either as generally defamatory or defamatory per se statements; the Vigs were public figures; and truth is an absolute defense to an allegation of defamation. Gerdes further asserted that because the Vigs had not pleaded or established an actionable claim, the complaint should be dismissed. Various other pretrial motions were filed by both parties. The district court held a hearing on three motions: the Vigs' motion for summary judgment, the Vigs' motion to amend complaint, and Gerdes's motion for summary judgment. The district court issued a memorandum decision and order denying the Vigs' motion for summary judgment, denying the Vigs' motion to amend complaint, and granting Gerdes's motion for summary judgment. The district court entered a judgment of dismissal and found the Vigs did not establish a general defamation claim. The district court did not address whether the Vigs had established a defamation per se claim. The Vigs timely appeal.

## II.

### STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own

---

[4] Although Gerdes challenged the sufficiency of service below, this issue is not raised on appeal.

3

evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

The Vigs claim the district court erred when it granted Gerdes's motion for summary judgment and denied the Vigs' motion for summary judgment.[5] The Vigs argue they were defamed by Gerdes and that her admissions, by default, establish defamation. Although the Vigs briefly address the district court's denial of their motion for summary judgment, an order denying a motion for summary judgment is not an appealable order. *Verity v. USA Today*, 164 Idaho 832, 841, 436 P.3d 653, 662 (2019). Thus, this appeal is limited to the issue of whether the district court correctly granted Gerdes's motion for summary judgment.

According to the Vigs, summary judgment was not appropriate because Gerdes failed to respond to requests for admission. The Vigs also claim the district court erred because it failed to grant their claim of defamation per se. While the Vigs make several broad and general allegations about Gerdes's book, they direct this Court to two specific excerpts from the book which are the bases for their claims. The first instance involved a demand letter and a financial settlement, which was discussed on page 285 of Gerdes's book.[6] A second instance involved a

---

[5] The Vigs also claim the district court erred in denying the motion to amend. However, the Vigs provide no argument or authority to support why the district court erred in denying their motion to amend the complaint. Because a party waives an issue on appeal if either argument or authority is lacking, the Vigs waive this issue on appeal. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

[6] The passage at issue states:

4

passage from page sixty of the book, in which Mia Kim Vig's father said Mia Kim Vig would be "one less mouth to feed and person to worry about" once she departed from the family home and joined the other Kims as part of the musical group.[7] Gerdes argues the Vigs did not establish the statements were defamatory, and in the alternative, the Vigs failed to establish defamation per se as alleged in their complaint.

There are two types of defamation claims:  general defamation claims and defamation per se claims.  *See Hill v. Stubson*, 420 P.3d 732, 741 (Wyo. 2018).  In a general defamation action, a plaintiff must prove the defendant:  (1) communicated information concerning the plaintiff to others; (2) the information was defamatory; and (3) the plaintiff was damaged because of the communication.  *Irish v. Hall*, 163 Idaho 603, 607, 416 P.3d 975, 979 (2018).  In a general defamation case, a defamatory statement is one that tends to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business.  *Id.*  On the other hand, a statement is defamatory in a defamation per se case when the statement involves:  (1) a criminal offense; (2) a loathsome disease; (3) a matter

---

Then misfortune struck two times over.  The first came in the form of a demand letter from Mia.  The former group member had continued to receive payments every week for years, even though she hadn't performed.  [Sue's] generosity had long outstripped Mia's participation, and as she affirmed to John, not once had she regretted her decision.  It had been the right thing to do.  But now, even Sue's unending reservoir of kindness went dry when she read the note from her former adopted sister.

She immediately heeded John's advice to pay her off and be done with the woman.  They hired Norm Kershman, a former union lawyer, to negotiate a settlement, one that included a one-time lump sum of $52,500, a figure Sue thought a fortune.  With the money was the agreement and rights for Sue to continue using the Kim Sisters name, and Mia's inability to reference the Kim Sisters in her own solo pursuits, should she continue on stage.  Sue and John had no other options than to attain a second mortgage on their home, a fact neither disclosed in the paperwork.  Once the final documentation was signed, Sue never heard from Mia again.  All the years of work, family and friendship gone once she had a check.

[7]     The passage at issue states:

Since joining the Kim family, [Mia] retreated into a quiet role, uncomfortable with taking the beds or food that rightfully belonged to her cousins.  By performing, she knew she'd be contributing to the family, not taking away. [Mia's father] gave her his full blessing:  "It is one less mouth to feed and person to worry about."

incompatible with business, trade, profession, or office; or (4) serious sexual misconduct. *Hill*, 420 P.3d at 741.[8] Unlike in a general defamation action, where a special damage amount must be asserted, statements may be defamatory per se without proof of special damages. *Farber v. Cornils*, 94 Idaho 326, 327, 487 P.2d 689, 690 (1971); *see also Irish*, 163 Idaho at 607, 416 P.3d at 979.

Here, the Vigs specifically alleged "libel per se" in their complaint and pleaded only general damages, thus the Vigs' claim could only be a claim of defamation per se. Nonetheless, the district court only considered whether the claim satisfied the requirements of general defamation, instead of whether the Vigs made a successful claim of defamation per se.

In its memorandum decision, the district court considered whether the requests for admission that were admitted by default could individually or cumulatively prove general defamation. The district court found the default admissions did not conclusively establish that the Vigs were defamed because, at most, they collectively satisfied only one of the three elements of defamation--the book communicated information concerning the Vigs to others. The two remaining elements of defamation, according to the district court, were not satisfied by Gerdes's default admissions to the Vigs' requests for admission. The district court concluded: "Gerdes's default admissions do not conclusively establish that statements contained in the book qualify as defamatory, or that the alleged defamatory statements caused the Vigs to suffer actual damage." We disagree with this analysis.

Although we disagree with the district court's defamation analysis, this Court may still find the district court correctly granted Gerdes's motion if, as a matter of law, the Vigs cannot establish a claim of defamation per se. The district court was presented with alternate theories of dismissal, but ruled on only one of those theories. When a district court is presented with

---

[8] Idaho case law recognizes there are four categories but has analyzed two of these four categories. In *Irish*, without a reference to the other three categories, the Idaho Supreme Court explained defamatory statements may be defamatory per se when "they impute conduct constituting a criminal offense chargeable by indictment or by information either at common law or by statute and of such kind as to involve infamous punishment (death or imprisonment) or moral turpitude conveying the idea of major social disgrace." *Irish v. Hall*, 163 Idaho 603, 607, 416 P.3d 975, 979 (2018) (internal quotations omitted). In *Barlow*, the Idaho Supreme Court explained defamatory per se statements included the category of criminal conduct as well as "utterances which (ascribe) to another conduct, characteristics or a condition incompatible with the proper conduct of his lawful business, trade, (or) profession." *Barlow v. Int'l Harvester Co.*, 95 Idaho 881, 890, 522 P.2d 1102, 1111 (1974) (internal quotations omitted).

alternate theories but rules on only one of the theories, the court may be affirmed on the unaddressed theory so long as that theory correctly addresses the issue; this is also known as the "right-result, wrong-theory" analysis. *State v. Hoskins*, 165 Idaho 217, 222, 443 P.3d 231, 236 (2019). Here, Gerdes presented the district court with alternate reasons why Gerdes's motion for summary judgment should be granted: the book did not defame the Vigs, either as general defamation or under the per se standard. The district court only ruled on the former.

The Vigs' original complaint alleged that Gerdes's book contained statements that were defamatory per se. The Vigs correctly claimed that a defamation per se claim is actionable without proof of special damages. *See Irish*, 163 Idaho at 607, 416 P.3d at 979. Nonetheless, the Vigs failed to establish that any part of Gerdes's book was defamatory per se.

Neither of the two excerpts relied upon by the Vigs constitutes defamation per se. The two statements at issue are plain and unambiguous and Gerdes admitted she made the statements, and thus, this Court may freely review whether they are defamation per se. *Id.* at 608, 416 P.3d at 980. As a matter of law, the two excerpts identified by the Vigs are not defamatory per se because neither is chargeable as a criminal offense, a loathsome disease, a matter incompatible with business, trade, profession, or office, or serious sexual misconduct. The first statement at issue referenced an alleged demand letter from Mia Kim Vig, and a subsequent financial settlement between Mia Kim Vig and Sue Vig. A demand letter and a financial settlement are not conduct which constitutes a criminal offense chargeable by indictment or by information, a loathsome disease, a matter incompatible with business, trade, profession, or office, or serious sexual misconduct. The second excerpt at issue from Gerdes's book was a statement by Mia Kim Vig's father that Mia Kim Vig would be "one less mouth to feed and person to worry about" once she left home and joined the musical group. Like the reference to the demand letter, this statement by Mia Kim Vig's father does not fall within any of the categories establishing defamation per se. Here, the Vigs failed to establish defamation per se. As such, no genuine issue of material fact existed regarding the defamation per se claim since there was no evidence there was any defamatory statement within Gerdes's book. This Court can therefore affirm the district court's granting of Gerdes's motion for summary judgment.

Gerdes requests that this Court award her attorney fees pursuant to Idaho Appellate Rules 35(b)(5) and 41, and I.C. § 12-121. This Court will not award attorney fees "if the losing party brought the appeal in good faith and presented a genuine issue of law." *Clearwater REI,*

7

*LLC v. Boling*, 155 Idaho 954, 962, 318 P.3d 944, 952 (2014). In normal circumstances, this Court will only award attorney fees if we are left with the abiding belief that the appeal was brought, pursued, or defended frivolously, unreasonably, or without foundation. *Id.*

We determine Gerdes is not entitled to attorney fees in this case. The Vigs brought the appeal based on a good faith belief that the district court erred regarding the defamation per se ruling. Therefore, the appeal was not pursued frivolously, unreasonably, or without foundation, and no attorney fees will be awarded. Costs are awarded to Gerdes.

## IV.
## CONCLUSION

We affirm the district court's judgment of dismissal and award costs to Gerdes.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

8